JUDGE ROBERTSON
delivered the opinion oe the court:
A legislative enactment of February 27th, 1867, incorporated a'small suburban community back of Newport, Kentucky, called “ The District of Highlands,” and authorized its trustees “to grade, and pave or macadamize with rock or gravel any public road passing through or into said district, within the limits thereof; and, with the *548 assent of two thirds of the owners of the real estate by or through which any such road may pass (to) levy special taxes on such real estate to pay for such grading and paving or macadamizing.”
Under that authority, a road called Mount Vernon Avenue was graded and macadamized, and a tax to pay for that improvement was imposed on the owners of land abutting it, rated by the number of acres of each owner’s tract. According to that standard, the appellant’s share of the burthen was two hundred and fifty-two dollars. Refusing to pay, this action was brought to enforce payment, which the court adjudged against him.
The constitutional authority delegated to this incorporated community to tax itself for its own local improvements has long been recognized by this court.
An unanimous petition authorized the improvement as afterwards made in this case, and, consequently, authorized the taxation to pay for it, unless the mode of assessment be unequal.
The charter is not, in any respect, inconsistent with the Constitution.
Although the entire road from the Alexandria turnpike to Twelve Mile turnpike, crossing the Jamestown road, is called the “ Highland Avenue,” yet, so much of it as lies between the turn and the Alexandria turnpike is more specifically called “ Mount Vernon Avenue.”
The requisite majority of the owners of land on the Mount Vernon Avenue, including the appellant, petitioned for the macadamization of that section of the Highland Avenue; and the like majority of land-holders on the other section also petitioned for the like improvement of that section. This was an implied authority, according to the charter, to tax the owners on each section for the cost of the improvement of his section.
*549 The fact that the contract for the improvements thus authorized was made for macadamizing Highland Avenue, including each section, does not affect the liability of the owners on the Mount Yernori section to the tax for the work done on that section. Nor is the completion of the other section essential to that liability. And we see no ultimate or substantial inequality in taxing by the acre, nor by the acre of each owner’s entire tract. The improvement, which might not enhance the value of houses, may, and probably will, increase the value of each acre of the.land of each corporator. The tax, as imposed, is not without precedents in State taxation, and seems to approach equality as nearly as specific taxation may be expected to approximate it, and cannot be adjudged unconstitutional for invidious or unjust inequality.
Wherefore, perceiving no available error in the judgment, it is affirmed.