CITY OF BOWLING GREEN *v.* ALBERT MITCHELL, ET AL.

**Cities—Taxation to Construct Water Works.**

While the trustees of a city are authorized to levy a tax to raise money to construct water works, such trustees have no power to make an unequal distribution of the burden of taxation between the citizens. They have no power in addition to a general levy on all the property of the municipality, to assess adjoining property by the front foot to raise money to pay interest on its bonds or to extend such water works system.

54

APPEAL FROM WARREN CIRCUIT COURT.

October 22, 1875.

OPINION BY JUDGE PRYOR:

The chairman and board of trustees of the city of Bowling Green, in order to place in successful operation the water works contemplated by the act incorporating the company, were empowered to assess and collect a tax upon the real and personal estate in the city subject to the taxation for ordinary city purposes, as well as a poll tax, in such manner and amount as they may deem equitable and just. City bonds were also authorized to be issued, with coupons attached, at a rate of interest not exceeding eight per cent. per annum, as a means of payment for the work contemplated. These bonds were issued, and the works undertaken and completed, the city incurring a large liability, for which its bonds are outstanding.

The city authorities, for the purpose of liquidating the interest on these bonds, and perhaps extending the construction of the water works, passed this ordinance: "A tax of twenty-five cents on each one hundred dollars worth of real estate fronting and along the line of the pipes of the Bowling Green Water Works, and not exceeding two hundred and ten feet from the line of the pipes of said water works, is hereby levied for the year 1873, which, when collected, shall be used exclusively for water works purposes."

It is admitted by the answer that this tax is levied for the purpose of paying the interest on the city bonds, and may, perhaps, be intended to construct the works in other parts of the city. An additional tax seems to have been imposed also on all the property of the town, of ten cents for every hundred dollars, to go in discharge of the principal debt. It is manifest that a large grant of power was made to the board of trustees by the provisions of the act of incorporation; but the language empowering them to assess and collect a tax in such manner and amount as they may deem most equitable, vested them with no power to make an unequal distribution of the burden of taxation between the citizens, or to disregard the well-established doctrine of uniformity and equality in the imposition of taxes. In the present case, these bonds and the interest thereon are debts due by the whole city for expenditures already made, and there is no principal recognized by which such discrimination can be made as requires that one debtor, only equally liable with the rest, shall be made to pay the whole debt, or his undue

proportion of the burden, or when applied to taxation, that his property shall be assessed for a greater sum than his regular property, equally liable of the same kind and value.

This mode of taxation in the present case has no precedent upon which it can be maintained. Many cases have been decided by this court where local taxation has been imposed on the owners of the property in towns and cities for the purpose of making such improvements in front of the property as has enhanced its value, or from which the owner derived a peculiar local benefit; but where a debt has been incurred by a city in making such improvements, we know of no rule that would require a portion of the citizens only to bear the burden. If a tax had been imposed on the real estate fronting the improvement for the purpose of constructing it, such as laying down pipes, etc., the taxation might there be made equal and uniform by requiring the other property, which the improvement is estimated to help, to be taxed in the same way; but in the present case, where the work in front of the property has been completed, and the debt incurred by the whole city, an ordinance requiring the property in a certain part of the town to pay the debt or to tax this property more than other property of the like kind to aid in extending the improvement, is unconstitutional and void.

Each taxpayer is liable to pay upon the amount and value of property owned by him, or the value of the kind of property taxed, the whole city to pay this city debt. Such a mode of taxation appears as near uniformity and equality as can be arrived at. *Malchus v. District of Highlands,* 4 Bush 547. The ordinance imposing the tax of twenty-five cents on the hundred dollars is null and void. There was no demurrer to the petition, and if there had been this proceeding is sustained by the case of the *Cypress Pond Draining Co. v. Hooper, et al.,* 2 Met. 350. The judgment of the court below, perpetrating the injunction, is *affirmed.*

*W. L. Dulaney, for appellant.*
*R. Rodes, H. T. Clark, for appellees.*