Decided at PENDLETON, July 20, 1895.

## STEVENS *v.* CARTER.

[40 Pac. 1074; —— L. R. A. ——.]

|  27 |  553 |
| --- | --- |
|  40 |  217 |

1. MANDAMUS—TERM OF OFFICE—PUBLIC OFFICERS.— When the term of a public officer has expired, and his successor has been elected and has qualified, he should surrender the office and then institute a contest if he so desires; it may be that the rights of his successor cannot vest, but the incumbent cannot hold over under a claim of right, until he has established that right in a proper proceeding.

2. CONSTITUTIONAL LAW — COLLATERAL PROCEEDING.— The constitutionality of a statute will not, as a rule, be passed upon in a collateral proceeding; thus, in a mandamus proceeding to obtain possession of an office by one holding a certificate of election, the question of the plaintiff's eligibility will not be considered.

3. MANDAMUS — TITLE TO OFFICE.— It is settled law that the title to an office cannot be tried in a mandamus proceeding, and that mandamus is the proper method for one who holds a certificate of election and has qualified to obtain the insignia of the office ( *Warner* v. *Myers,* 4 Or. 72, cited and approved ). In such cases the certificate of election with proof of having qualified establishes the plaintiff's case *prima facie,* and the writ will issue without regard to whether the holder of the certificate is eligible or not.

APPEAL from Union: MORTON D. CLIFFORD, Judge.

This is a mandamus proceeding by Miss Nellie M. Stevens against J. L. Carter to compel the latter to surrender the books and papers belonging to the office of the county superintendent of common schools of Union County. The facts are, that at the election in June, eighteen hundred and ninety-four, the plaintiff received a plurality of all the votes cast, obtained a certificate of election to the office, and, having qualified as required by law, demanded the said books and papers of the defendant, and, upon his refusal to comply therewith, sued out an alternative writ of mandamus, requiring him to deliver them to her, or show cause why he had not done so. A demurrer to the writ having been overruled, the defend-

27 OR.—71.

ant, for a return thereto, after denying the material allegations contained therein, alleged that the plaintiff was a woman, and by reason thereof was ineligible to hold the office; that in June, eighteen hundred and ninety-two, he was elected superintendent, and had qualified as such; and that he was holding over under color and claim of right, and was entitled to the insignia of the office. A demurrer to the return having been sustained, the court awarded a peremptory mandamus, from which judgment the defendant appeals, and contends that, he being in possession of the office under color and claim of right, mandamus will not lie to oust him therefrom, and that the plaintiff is ineligible to hold the office; while the plaintiff insists that, having obtained the certificate of election, and qualified as required by law, she has a *prima facie* right to the books and papers, which mandamus will compel the defendant to deliver to her, and that the question of her eligibility cannot be tried in this proceeding.                                    AFFIRMED.

For appellant there was an oral argument by *Mr. J. D. Slater,* and a brief by *Messrs. Slater* and *Robert Eakin,* making the following points:

Mandamus is not the proper remedy to oust defendant from office, where he is holding over from a previous term under a claim of right, and is occupying the office and performing its duties and functions. The only remedy under such circumstances is by quo warranto: *State* v. *Mayor of Atlantic City,* 8 L. R. A. 699; *Williams* v. *Clayton,* 21 Pac. 398; *Conover's Case,* 5 Abb. Pr. 171. If the office is full, mandamus will not remove the occupant, but *quo warranto* perhaps will: Short on Quo Warranto, page 122; Angel and Ames on Corporations, § 702; High on Extraordinary Legal Remedies, § 53; *People* v. *Lane,* 55 N. Y. 217; *People* v. *Ferns,* 76 N. Y. 326; *Duane* v. *McDonald,*

41 Conn. 517; *French* v. *Cowan,* 79 Me. 426; *People* v. *Stevens,* 5 Hill, 628; *Meredith* v. *Board,* 50 Cal. 434; *People* v. *Olds,* 3 Cal. 176 (58 Am. Dec. 398); *Hull* v. *Superior Court,* 63 Cal. 174; *State* v. *Mayor of Atlantic City,* 19 Atl. 780 (8 L. R. A. 699). Where there is an occupant of an office by color of right, the issuance of a commission to the relator is not taken *prima facie* as an actual expulsion of the prior occupant: *People* v. *Schrugham,* 20 Barb. 302; *Howard* v. *Marshall,* 10 Md. 451; *People* v. *Dakeman,* 7 How. Pr. 124; *People* v. *Michie,* 68 Mich. 323; *Delgado* v. *Chavez,* 25 Pac. 948 (S. C. 140 U. S.). The person elected to succeed the office-holder must be duly qualified to hold the office before he can oust the former incumbent: *State* v. *Simon,* 20 Or. 378; *State* v. *Sullivan,* 47 N. W. 802; *Snider* v. *Alderman,* 3 S. W. 849. The rule that mandamus will lie to compel the delivery of the books, etc., by the predecessor to the relator has reference to cases where the relator is exercising the office: *McGee* v. *State,* 103 Ind. 444; Spelling on Extraordinary Relief, § 1510; *State* v. *May,* 17 S. W. 660. *Quo warranto* is by our statute an adequate and complete remedy, as it will exclude the defendant from the office, and be enforced by an attachment of his body: Hill's Code, §§ 365, 368; *Kelly* v. *Edwards,* 69 Cal. 463; High on Extraordinary Legal Remedies, 349.

When it appears that plaintiff has no right mandamus will be denied. The rule that mandamus will not be used to try the title to an office has reference to cases where there is an issue to be tried, but when the whole case is before the court, and it appears that plaintiff has no right, the court ought to refuse the writ: *State* v. *Patterson,* 35 N. J. L. 190; *Howard* v. *Gage,* 6 Mass. 462; *Elliott* v. *Oliver,* 22 Or. 44; Spelling on Extraordinary Relief, §§ 1572–1574. If it appears from the writ in this case that the plaintiff was ineligible, then the writ will not lie: *Snyder* v. *Alleman,* 3 S. W. 849; *People* v. *Board,* 29

N. E. 345; *People* v. *Sheffield,* 47 Hun, 481; *People* v. *Nostrand,* 68 N. Y. 467; *People* v. *Antony,* 6 Hun, 142; *Burdett* v. *Barry,* 6 Hun, 657; *State* v. *McNeal,* 96 N. C. 467; *Grandon* v. *Logan,* 55 N. W. 130; *Atchison* v. *Locus,* 83 Ky. 451. Mandamus will not lie to put a person in possession of an office when it is disclosed by her petition that she would be a usurper, and that it would be the duty of the state to remove her: *People* v. *Board,* 29 N. E. 345; *State* v. *Newman,* 91 Mo. 445; *State* v. *Albin,* 44 Mo. 346; *Mayor* v. *Board,* 47 Mo. 756. If the law is doubtful mandamus is not the remedy, the relator's right must be free from all doubt: *State* v. *Johnson* (Fla.), 18 L. R. A. 410; *In re Gardner,* 68 N. Y. 467; *People* v. *Lane,* 55 N. Y. 217; *People* v. *Goetting,* 133 N. Y. 569; *People* v. *Kilduff,* 15 Ill. 492 (60 Am. Dec. 769); *Whetstone* v. *Thomas,* 25 Ill. 325; *Peck* v. *Supervisors,* 47 Mich. 477; High on Extraordinary Legal Remedies, § 77.

For respondent there was an oral argument by *Messrs. Thos. H. Crawford* and *J. Baker,* and a brief signed by *Messrs. Crawford, Chas. F. Hyde,* and *Baker and Baker.*

When a party seeks to obtain possession of the records of a public office to which such person has been appointed or elected, from the predecessor in office, quo warranto is neither a speedy nor adequate remedy. Mandamus is the only proper remedy: *State* v. *Sherwood,* 15 Minn. 221 (2 Am. Rep. 116); *Territory* v. *Shearer,* 2 Dak. 332 (8 N. W. 135); *Warner* v. *Myers,* 4 Or. 72; 14 American and English Encyclopædia of Law, 102; *Cameron* v. *Parker* (Okl.), 38 Pac. 14.

Where a party, being a candidate for a public office at a general election to fill the same, receives a majority of the legal votes therefor, upon a canvass of the votes is declared elected by the canvassing board, receives a certificate of election thereto from the proper authority and qualifies as by law required, in a proceeding by such

party in mandamus prosecuted to recover from his predecessor in office, the books, papers, and records of the office, the court will not go behind the certificate of election and determine issues as to his eligibility or title to the office: *State* v. *Sherwood,* 15 Minn. 221 (2 Am. Rep. 116); *Crowell* v. *Lambert,* 10 Minn. 369; *People* v. *Head,* 25 Ill. 325; *Warner* v. *Myers,* 4 Or. 72; *State* v. *Jaynes,* 19 Neb. 161 (26 N. W. 711); *State* v. *John,* 81 Mo. 13; *State* v. *Draper,* 48 Mo. 213; *State* v. *Johnson,* 30 Fla. 499 (11 So. 845, 18 L. R. A. 410); *Thompson* v. *Hult,* 52 Ala. 491; *Huffman* v. *Mills,* 39 Kan. 577 (18 Pac. 516); *In re Dalgado,* 140 U. S. 586; *Conklin* v. *Cunningham* (N. M.), 38 Pac. 170; *Wenner* v. *Smith,* 4 Utah, 238 (9 Pac. 297); *Plowman* v. *Thornton,* 52 Ala. 559; *Cameron* v. *Parker* (Okl.), 38 Pac. 14; High on Extraordinary Legal Remedies, § 74.

Mandamus is the proper remedy where a party seeks to recover the records of a public office to which he has been elected or appointed: Merrill on Mandamus, §§ 142–152; High on Extraordinary Legal Remedies, §§ 73–76; 14 American and English Encyclopædia of Law, 147, note 1; 207, note 8; *Warner* v. *Myers,* 4 Or. 72; *Driscoll* v. *Jones,* 1 S. Dak. 8 (14 N. W. 726); *Territory* v. *Shearer,* 2 Dak. 332 (8 N. W. 135); *Crowell* v. *Lambert,* 10 Minn. 369; *State* v. *Sherwood,* 15 Minn. 221 (2 Am. Rep. 116); *People* v. *Kilduff,* 15 Ill. 500 (60 Am. Dec. 769); *Nelson* v. *Edwards,* 55 Tex. 390; *Linsey* v. *Luckett,* 20 Tex. 516; *Keeman* v. *Perry,* 24 Tex. 253; *City of Keokuk* v. *Merrimam,* 44 Iowa, 432; *Ranton* v. *Wilson,* 4 Tex. 400; *State* v. *Peterson,* 50 Minn. 239 (52 N. W. 655); *Walter* v. *Belding,* 24 Vt. 658; *State* v. *Dunn,* Minor 46 (12 Am. Dec. 28); *Brown* v. *Turner,* 70 N. C. 93; *Johnson* v. *Parkhurst,* 5 Johns. 128; *Miller* v. *Manice,* 6 Hill, 114; *Arnold* v. *Railroad Company,* 49 Barb. 116; *Cameron* v. *Parker* (Okl.), 38 Pac. 14; *Conklin* v. *Cunningham* (N. M.), 38 Pac. 170.

Mandamus will not lie to try title to a public office, but it will lie to compel a predecessor in office to turn over to his successor the books, papers, and records belonging and appertaining to a public office, where the plaintiff shows in himself either an absolute or prima facie title thereto, and a certificate of election regular upon face and qualifying as the law requires is sufficient prima facie title: *Ewing* v. *Turner,* 35 Pac. 951; *Cameron* v. *Parker* (Okl.), 38 Pac. 14; *Conklin* v. *Cunningham* (N. M.), 38 Pac. 170; *People* v. *Head,* 25 Ill. 325; *State* v. *County Court of Howard County,* 41 Mo. 247; *Wenner* v. *Smith,* 9 Pac. 297; *Plowman* v. *Thornton,* 52 Ala. 559; Merrill on Mandamus, §§ 142, 152; High on Extraordinary Legal Remedies, 73–76; *Driscoll* v. *Jones,* 1 S. Dak. 8 (44 N. W. 726); *State* v. *Sherwood,* 15 Minn. 221 (2 Am. Rep. 116); *State* v. *Johnson,* 11 So. 845; *State* v. *Goll,* 32 N. J. L. 285; *State* v. *Layton,* 28 N. J. L. 244; *People* v. *Pease,* 27 N. Y. 45; *State* v. *Oates,* 86 Wis. 634.

Opinion by MR. JUSTICE MOORE.

1. To entitle the defendant to invoke the rule of law for which he contends, it must appear that he has a colorable title to the office, and was in possession of it, and discharging the duties thereof under a claim of right. The return shows that in June, eighteen hundred and ninety-two, he was elected to the office in question, and, under the statute, was entitled to hold it for a term of two years, or until his successor was chosen and had qualified: Hill's Code, § 2586. An examination of the writ discloses that in June, eighteen hundred and ninety-four, the plaintiff was chosen as his successor, and qualified as required by law (Hill's Code, § 2587); hence the defendant's term of office had expired, unless he had a private interest in the ensuing term by reason of the plaintiff's alleged ineligibility. The right of an officer to hold over after the expiration of his term exists only

in cases where there is no legally elected and qualified successor, for when the rights of the successor vest, those of the incumbent terminate: *State* v. *Bemenderfer*, 96 Ind. 374. If the election of the plaintiff was not legally authorized, the defendant would continue to hold the office by force of the express provisions of the statute: *State ex rel. Everding* v. *Simon*, 20 Or. 365 (26 Pac. 170); *Loring* v. *Benedict*, 15 Minn. 198; *People* v. *Tilton*, 37 Cal. 614. The defendant being in office by virtue of a prior election, was not a mere usurper, (*Hamlin* v. *Kassafer*, 15 Or. 456; 3 Am. St. Rep. 176, 15 Pac. 778,) and the statute which provides that he shall hold the office until his successor is elected and qualified gives him a colorable title; and, if it should be found in a proper proceeding that the plaintiff is ineligible, he would have a private interest in the term which would entitle him to hold over: *Taylor* v. *Sullivan*, 45 Minn. 309. When a certificate of election has been issued to another, who has qualified thereunder, it is the duty of an incumbent of a public office, at the expiration of his term, to surrender the office to his successor; and should he then desire to contest the eligibility, election, or qualification of the person so holding the certificate, he may do so by proceeding in the manner prescribed by law for determining contested claims to office: *State* v. *Johnson*, 30 Fla. 433 (11 So. 845). It would seem to follow that when the official term of an incumbent has expired, and his successor has been elected and qualified, his term is either suspended or terminated; and, while he may have a colorable title and private interest in the ensuing term in case the rights of his successor cannot vest, he cannot hold over under a claim of right until such right has been established in the manner prescribed by law.

2. The following provisions of the state constitution are deemed applicable in determining the eligibility of

the plaintiff to hold the office of county superintendent of common schools: Article VI, section 6. "There shall be elected in each county, by the qualified electors thereof, at the time of holding general elections, a county clerk, treasurer, sheriff, coroner, and surveyor, who shall severally hold their offices for a term of two years." Article VI, section 7. "Such other county, township, precinct, and city officers as may be necessary shall be elected or appointed in such manner as may be prescribed by law." Article VI, section 8. "No person shall be elected or appointed to a county office who shall not be an elector of the county." Article II, section 2. "In all elections not otherwise provided for by this constitution, every white male citizen of the United States, of the age of twenty-one years and upwards, who shall have resided in the state during the six months immediately preceding such election, and every white male of foreign birth, of the age of twenty-one years and upwards, who shall have resided in this state during the six months immediately preceding such election, and shall have declared his intention to become a citizen of the United States one year preceding such election, conformably to the laws of the United States on the subject of naturalization, shall be entitled to vote at all elections authorized by law." It will be observed that article VI, section 6, in designating the officers to be elected in each county, does not enumerate that of county superintendent of common schools, but that office was created by an act of the territorial legislative assembly, (General Laws of Oregon, 1855, page 458,) and was in force at the time the constitution went into effect, and continued in force by virtue of its express provisions: Article XVIII, section 8. The terms "such other county officers as may be necessary," as used in article VI, section 7, doubtless includes, among others, the county superintendent of common schools.

The plaintiff's demurrer to the defendant's return to the alternative writ confesses that she is a woman, but since she was elected in pursuance of a statute which provides that "Women over the age of twenty-one years, who are citizens of the United States and of this state, shall be eligible to all educational offices within the state," (Session Laws, 1893, page 62,) we cannot declare her ineligible without holding a statute unconstitutional, and therefore void,—a conclusion a court will rarely ever reach in a collateral proceeding.

3. That the title to an office cannot be tried in a mandamus proceeding is a rule of law so well settled that it needs no citation of authorities to support it. It is also well settled that in such proceeding against the incumbent of a public office to compel him to deliver the books and papers thereof to one who claims to have been elected as his successor, the certificate of election issued to the claimant, and proof of his qualification thereunder, constitute *prima facie* evidence of title to the office, and a peremptory writ will be directed to compel the delivery of the insignia of the office, irrespective of the eligibility of the person to whom the certificate has been issued. In *Crowell* v. *Lambert,* 10 Minn. 369, BERRY, J., in rendering the decision of the court in a mandamus proceeding, said: "On the whole it may be said that the question here is not who will be entitled to the office on an examination into the merits of the election, but who is now entitled to the possession of the books and papers appertaining to the office. The person holding the certificate is, under the circumstances of the case, *prima facie* the officer, and, therefore, *prima facie* entitled to the insignia and records of the office. In such cases the writ of mandamus is a peculiarly proper, adequate, and speedy remedy, and perhaps the only one by which to enforce the delivery of the books," etc. So, too, in *Atherton* v. *Sherwood,* 15 Minn. 221,

(2 Am. Rep. 116,) the court, in discussing the eligibility of one who held a certificate of election, and sought by mandamus to procure a delivery of the books belonging to an office, say: "It would seem, then, to be immaterial in this proceeding whether or not the relator was eligible, or was duly elected to the office, for to try either issue would be to try the title." In *Warner* v. *Myers,* 4 Or. 72, it was held that the person holding the certificate of election was entitled to a peremptory writ of mandamus to compel the incumbent of the office to deliver the property appertaining thereto. In *People* v. *Head,* 25 Ill. 325, CATON, C. J., in speaking of the certificate of election which had been issued by a canvassing board, said: "The decision of the canvassers afforded *prima facie* evidence that the relator was legally elected, and entitled him to the office till that canvass should be set aside by a proceeding to be instituted by the defeated candidate, in the courts of justice and in the forms of law." To allow an incumbent to hold over and retain possession of an office after the close of his term, when a certificate of election has been issued to another, who has duly qualified, because perchance the incumbent may think his successor is ineligible, or has not been duly elected, would thwart the popular will as expressed by the majority at the election, and tend to make the incumbent the judge of his own rights as well as of the eligibility, election, and qualification of his successor: *State* v. *Oates,* 86 Wis. 634 (39 Am. St. Rep. 912, 57 N. W. 296). The electors having expressed their preference at the polls, it is better that the person chosen by their votes, having obtained the certificate of election and qualified, should be inducted into office, and the burden of proving the ineligibility and want of election or qualification cast on the prior incumbent, than that his successor should be deprived of his office until he could show himself eligible thereto. It is

true that in *State* v. *Aldermen of Pierce City*, 3 S. W. 849, to which our attention has been called, the court denied a peremptory writ of mandamus to compel the incumbent to deliver the books and papers of an office to one shown by the record to be ineligible; but, in view of the statute authorizing the plaintiff's election, we decline to pass upon the plaintiff's eligibility until the question is before us in a direct proceeding.   Having received the certificate of her election in pursuance of a statute authorizing it, and having qualified, the plaintiff made a *prima facie* case, and showed a *prima facie* right to the possession of the books and papers, which she is entitled to use until the question of her right to do so can be tried in a proper proceeding.   It follows that the judgment of the court below must be affirmed, and it is so ordered.

AFFIRMED.

Decided March 12, 1894; affirmed on rehearing March 4, 1895.