## BOWLIN v. COCHRAN ET AL.

[No. 20,194.   Filed December 8, 1903.]

HIGHWAYS.—*Construction of Gravel Roads.—Act of 1903 Constitutional.* —The act of March 9, 1903 (Acts 1903, p. 255), providing for the construction by the county commissioners of gravel roads upon the presentation of a petition signed by a majority of the resident landowners of the county whose lands abut the proposed improvement, requiring notice to all persons affected, and providing for a hearing with the right of appeal, is not in violation of §12 of the bill of rights which prohibits the taking of private property for public use without due process of law; nor is the law unconstitutional as being class legislation. *pp. 487, 488.*

SAME.—*Gravel Roads.—Title of Act of 1903.—Constitutional Law.*—The title to the gravel road act of March 9, 1903: "An act concerning gravel and macadamized roads," is sufficiently comprehensive to include the provisions in the act for the laying out and construction of new roads. *p. 489.*

From Tipton Circuit Court; *J. F. Elliott,* Judge.

Action by Melvin L. Bowlin against James Cochran and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*J. M. Purvis, F. E. Gavin, T. P. Davis, J. L. Gavin* and *E. A. Mock,* for appellant.

*G. H. Gifford, G. J. Gifford, W. R. Oglebay* and *F. S. Oglebay,* for appellees.

JORDAN, J.—Action to enjoin appellees perpetually from constructing a certain gravel road in Tipton county, and to enjoin the collection of assessment of benefits against the real estate of appellant. The demurrer to the complaint was sustained, and from a judgment thereon this appeal is prosecuted.

The proceedings before the board of commissioners to construct the gravel road in controversy are based upon an act of the legislature approved March 9, 1903 (Acts 1903, p. 255). This act is entitled "An act concerning gravel and macadamized roads." By the first and second sections thereof the board of commissioners of any county in this State, upon the presentation of a petition "signed by a majority of the resident landholders of the county whose lands abut upon the proposed improvement" is empowered "to lay out, construct, or improve, by straightening, grading, draining, graveling or macadamizing any state or county road, or any part thereof within the limits of their respective county." Provisions are made for notice by publication to be given of the pendency of the petition, and for the appointment of viewers, etc. The viewers are authorized to assess benefits upon lands benefited by the improvement within the prescribed taxing district, and are required to make their report to the board of commissioners. The statute also provides for the giving of notice of the time and place when and where a hearing before the board of commissioners will be had upon the report of the viewers, and persons affected by the improvement are authorized to remonstrate for reasons or grounds designated by the statute, and are granted the right of appeal from the decision of the board to the circuit court.

It is conceded by counsel for appellant that if the validity of this act can be upheld, the appeal herein can not be maintained, as all of the proceedings had before the board of commissioners to construct the gravel road in question were in all things regular. But they insist that this statute violates the Constitution of this State for two reasons: (1) That the title thereof is not sufficient, because it does not fairly express the subject of the legislation as required by §19, article 4, of the Constitution; (2) that the act provides for the taking of private property for public purposes without due course or process of law, and therefore

is violative of §12 of the bill of rights. We shall consider these objections in their inverse order.

As previously said, landowners who are affected by the contemplated improvement are authorized to remonstrate against the report of the viewers for the following causes: (1) That the report of the viewers is not according to law; (2) that the lands of the party remonstrating are not benefited, or are assessed too high; (3) that his lands are damaged, and that the damages assessed are inadequate; (4) that it is not practicable to construct the proposed work without exceeding the aggregate benefits; (5) that the improvement will not be of public utility or convenience. It will be seen that, in addition to a hearing before the board of commissioners upon the report of the viewers and the remonstrance thereto, the right of appeal to the circuit court is awarded to an aggrieved remonstrator. In a word, it may be said that the statute provides for giving proper notice to all persons affected by the improvement, and further accords to them a hearing before the board of commissioners, with the right of appeal to the circuit court. Certainly, therefore, the law may be said to be far within the principle of due course of law as construed by the higher courts. *Cleveland, etc., R. Co.* v. *Backus,* 133 Ind. 513, 18 L. R. A. 729; *Pittsburgh, etc., R. Co.* v. *Backus,* 133 Ind. 625, s. c. 154 U. S. 421, 14 Sup. Ct. 1114, 38 L. Ed. 1031; *Kizer* v. *Town of Winchester,* 141 Ind. 694.

It is further claimed by appellant that, because the act in question permits a majority of the abutting landowners to initiate or put in motion before the board of commissioners the proceedings to improve the highway or road, it therefore must be considered as class legislation, or as granting privileges to such landowners which are denied to others within the taxing district. This proposition is wholly without merit. The number of petitioners, and the particular *situs* of their property within such district, who may be authorized to initiate the proceedings before the

board in such cases are matters largely within the discretion of the legislature.

In regard to the first objections, counsel for appellant advance the argument that the title is not sufficient to advise anyone whether the proposed legislation relates to roads *in esse* or to those to be constructed in the future. They say, is "the act one concerning the construction of gravel and macadamized roads, or is it one concerning the repair or vacation of such roads?" The title of an act is not required to be an index to the legislation thereby proposed, and, although the title may be in the imperfect present tense, nevertheless the provisions of the act may refer to the future. The title in question may be said fairly to express the subject of the legislation therein proposed, and any and all members of the legislature upon hearing the title read certainly in reason might infer that the legislation contemplated related to the future construction of gravel and macadamized roads, and an examination of the first section fully reveals that fact.

In *Lewis* v. *State*, 148 Ind. 346, we said: "The degree of particularity with which the title of an act is to express the subject thereof, is not defined by the Constitution, and rests with the legislature. Courts, in this respect, are inclined to entertain and adhere to a liberal rule, and will not condemn an act of the legislature for the reason alone that the subject thereof is not as fully expressed as it otherwise might have been." In fact it may be said that the sufficiency of this title is no longer an open question under the decisions of this court. In *Wishmier* v. *State, ex rel.*, 97 Ind. 160, the statute therein assailed was entitled "An act concerning drainage." The title was held to be sufficient. In *Hedderich* v. *State*, 101 Ind. 564, 51 Am. Rep. 768, the title in dispute was "An act concerning public offenses and their punishment." This was held to come within the requirements of the Constitution, and was sufficiently comprehensive to embrace all offenses of a public

nature. In *Barnett* v. *Harshbarger*, 105 Ind. 410, the contention was that the statute entitled "An act concerning husband and wife" was not sufficiently expressed in the title. The court by Elliott, J., in that appeal said: "We do not deem it necessary to enter upon a discussion of this question, for we regard it as conclusively settled against the appellant." As to the sufficiency of the titles of various acts of the legislature see the following cases: *Maule Coal Co.* v. *Partenheimer*, 155 Ind. 100, and cases there cited; *State* v. *Bailey*, 157 Ind. 324, 59 L. R. A. 435, and cases there cited.

In the latter appeal an act entitled "An act concerning the education of children," approved March 8, 1897 (Acts 1897, p. 248), was involved. The objection, among others, was that the title of the act in question was so vague and uncertain as to render it nugatory. This court, in considering the question as there presented, said: "We think the title of the statute in question specific enough to guard against the evils intended to be prevented by the Constitution. It sufficiently indicates 'some particular branch of legislation as a head under which the particular provisions of the act might reasonably be looked for.' The subject of the act, as expressed in the title, is 'the education of children.' Is this any less specific than 'drainage' or 'highways' ?"

In *Bright* v. *McCullough*, 27 Ind. 223, this court, in passing upon the title of the statute therein involved, among other things, said: "The words 'an act concerning highways,' would express but a single subject, and yet would constitute a comprehensive title, under which almost any desired provision relating to highways might be enacted."

We conclude that the statute in controversy is not open to the objection urged against its validity, and the judgment is therefore affirmed.