Decided 7 January, 1908.

## ST. BENEDICT'S ABBEY v. MARION COUNTY.

93 Pac. 231.

CONSTITUTIONAL LAW—DUE PROCESS OF LAW—PUBLIC IMPROVEMENTS—
ASSESSMENT OF BENEFITS.

1. The legislature may authorize a municipality to assess the expenses of street improvements on property benefited thereby, and such assessment is not a taking of property without due process of law, where the property owner is given an opportunity to be heard before the assessment is made.

MUNICIPAL CORPORATIONS—TAXATION—EQUALITY—STREET ASSESSMENTS.

2. A statute authorizing a municipality to assess the expenses of street improvements on property benefited thereby, does not violate the constitutional provision that taxation shall be equal and uniform.

STATUTES—"LOCAL STATUTE"—PROPERTY BENEFITED BY ROAD IMPROVEMENT.

3. Within Const. Art. IV, § 23, subd. 10, forbidding the enactment of special or local laws for the assessment and collection of taxes for State, county, township, or road purposes, Act February 22, 1905 (Laws 1905, p. 410), providing for the improvement of roads at the expense of the lands benefited thereby on petition of a majority of the resident landowners, etc., is general and applicable throughout the State, and is not a local statute applicable only to a particular locality or limited part of the State and the inhabitants of that part, though its operation is contingent, depending on the wish of the landowners in the vicinity of a proposed improvement and the existence of certain conditions.

HIGHWAYS—ROAD IMPROVEMENTS—ASSESSMENTS—BENEFITS.

4. The expenses of road improvements can be assessed against lands benefited only in proportion to benefits, and an act authorizing the assessment of a portion of the expense without reference to benefits is invalid. Act February 22, 1905 (Laws 1905, p. 410), providing for the improvement of roads, the expenses of which are to be assessed on real estate adjacent thereto and benefited thereby, according to the benefits, etc., limits the assessment to lands benefited by the improvement, and in proportion to such benefits and is valid.

SAME—BENEFIT DISTRICTS—POWER OF LOCAL BOARD OF VIEWERS.

5. The legislature, in providing for the payment of road improvements by assessment on property benefited, may fix the sum to be raised, and prescribe the benefit district, or it may delegate one or both of the questions to a local board of viewers, and has a wide discretion in providing for road improvements at the cost of property benefited, and prescribing the taxing district, and delegating to local boards of viewers power to determine the extent of the benefits and the manner of apportioning the expense, and its action will not be disturbed, unless it clearly appears that it has exceeded its constitutional authority, its taxing power being unlimited except as restricted by the federal constitution.

SAME—"ROAD"—OVERLAPPING LANDS.

6. The word "road" in Act February 22, 1905 (Laws 1905, p. 414), § 7, providing that where any "road" has been constructed under the act providing for the improvement of roads at the expense of the property benefited thereby, and another "road" shall be thereafter constructed within four miles thereof, the amount to be assessed against all lands included within the overlapping two-mile lines of each road shall be equitably determined by the county court, on

the report of the viewers and appraisers, means the portion improved, and the improvement of any other portion of the same road is another road, and lands within the overlap are protected from unequal burdens.

SAME—APPEAL—RIGHT TO QUESTION ACTION OF VIEWERS.

7. Since Act February 22, 1905 (Laws 1905, p. 410), providing for the improvement of roads at the cost of lands benefited thereby, gives a landowner within the taxing district opportunity to question the action of viewers as to whether his land is benefited, or as to how much it may be benefited, and as to whether the assessment on his land is proportionate to the benefits, and gives him a right to appeal to the circuit court, equity will not interfere, unless the method adopted in estimating the benefits and assessing the expenses amounts to a fraud on him, the remedy provided by the statute being otherwise exclusive.

From Marion: WILLIAM GALLOWAY, Judge.

Statement by MR. JUSTICE EAKIN.

This is a suit in equity to enjoin the improvement of a county road and to prevent the assessment of any portion of the expense thereof upon plaintiff's lands. A demurrer to the complaint was overruled by the lower court, and decree rendered granting a perpetual injunction against defendant, and it appeals. Based upon the petition of landowners along the line of what is known as the "Silverton-Marquam Road" asking for the improvement of a portion of said road, the county court of Marion County, on about March 9, 1906, commenced proceedings to improve said road, under the provisions of an act of the legislative assembly of the State of Oregon, of date February 22, 1905 (Laws 1905, p. 410), providing for the improvement of roads at the expense of the lands benefited thereby. Viewers were appointed under the provisions of the said act, who proceeded to and did estimate the cost of said improvement to be $23,746.10, and also estimated the value of benefits to all lands within the two-mile limit to be $47,492.20, and in their report to the court itemized such benefits and the apportionment of such expenses by setting opposite the name of each person the description of his land subject thereto, the classification thereof, according to benefits thereby to be derived, the number of acres in each classification, and the estimated benefits and apportionment of expenses thereto. In estimating the benefits, they classified the land as to its relative location to the road and as to its quality, and attempted to make such apportionment of expense according to

benefits, which resulted in the assessment of $479 against the lands of plaintiff; and on July 25, 1907, the county court, after disallowing the remonstrances that had been filed to the action of the viewers, approved their report, and ordered the improvement made, the enforcement of which decree of the county court is the proceedings sought to be enjoined.          REVERSED.

For appellant there was a brief over the names of *John H.* and *Charles L. McNary,* with an oral argument by *Mr. Charles L. McNary.*

For respondent there was a brief over the names of *Carson & Cannon,* with an oral argument by *Mr. Anderson M. Cannon.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. The road act in question authorizes county courts to improve any county road by grading, graveling, macadamizing, etc., the same; and to appoint viewers to estimate the cost and expense of the proposed improvement and the benefits to the land within the taxing district; and that the costs and expenses thereof be paid by assessment on the real estate adjacent thereto and benefited thereby, within two miles on either side and one mile beyond the terminus of such improvement, in proportion to the benefits to be derived therefrom; and to apportion the estimated costs and expenses of the improvement upon said lands according to the benefits derived therefrom, including the lots in any incorporated city or town.

It is also provided by Section 6 that the owner of any lands affected by the work proposed may remonstrate against the report of the viewers for the following causes:

"(1) That the report of the viewers is not according to law; (2) that the lands of the party filing the remonstrance are not benefited, or are assessed too much as compared with other lands assessed as benefited, specifying such lands; (3) that the lands of the party filing the remonstrance are damaged, or that the damages assessed are inadequate; (4 that it is not practical to accomplish the proposed work without an expense exceeding the aggregate benefits; (5) that the proposed work will not be of public utility or convenience."

Also Section 6 further provides that the issues raised by such remonstrance shall be tried by the county court, and, if it finds for the remonstrants upon the fourth or fifth cause thereof, the proceeding shall be dismissed at the cost of petitioners, and if resident owners of lands affected by such proposed improvements, upon which more than two-thirds of the aggregate assessment for benefits has been made, shall remonstrate against said petition for the fifth cause of remonstrance, the said petition shall be dismissed, and if the court finds for the remonstrants for the first, second or third cause, it shall modify the report accordingly.    By Section 14 appeal to the circuit court may be taken by remonstrants from the decision of the county court upon any of the first three causes of remonstrance, and the issues therein tried by a jury.    That the legislature may authorize a municipality to assess the expense of the improvement of streets upon the property benefited thereby, and that such assessment is not a taking of property without due process of law, if the property owner has had an opportunity to be heard before the assessment is made, has been frequently held by this court.

2. Nor is such an act a violation of the constitutional provision that taxation shall be equal and uniform: *King* v. *City of Portland,* 2 Or. 146; *Masters* v. *City of Portland,* 24 Or. 161 (33 Pac. 540) ; *Wilson* v. *City of Salem,* 24 Or. 504 (34 Pac. 9, 691) ; Elliott, Roads & Streets (2 ed.), § 543; Cooley, Taxation (2 ed.), pp. 634-636.

3. This principle is recognized in many other Oregon cases, but as applied to rural highways, it is contended that the act violates the provision of subdivision 10 of Section 23 of Article IV of the constitution, which provides that the legislature shall not pass special or local laws "for the assessment and collection of taxes for state, county, township or road purposes."    It cannot be seriously contended that this law is local.    It is, by its terms, general and applicable throughout the state, and may be invoked for any road, for the improvement of which a majority of the resident landowners of the county, whose lands are within the taxing district, may petition.    A local statute is one

which applies only to a particular locality or limited part of the state, and the inhabitants of that part. An act relating to a particular road in Tillamook County was held to be void in *Maxwell* v. *Tillamook County*, 20 Or. 495 (26 Pac. 803), because it was applicable only to the one road and was clearly local. In *Ellis* v. *Frazier*, 38 Or. 462 (63 Pac. 642: 53 L. R. A. 454), the bicycle tax law was held to be local and special, for the reason that it applied only to a few counties. But a law is not local or special that is applicable throughout the state, even though its operation in any locality is made to depend upon a local contingency, or a particular expediency to be ascertained or determined by a public vote in the locality or by petition, or adjudication of a court or other authority authorized by the act. It is, nevertheless, open to every locality when brought within its terms. This is the holding in *Fouts* v. *Hood River*, 46 Or. 492 (81 Pac. 370: 1 L. R. A., N. S., 483); *Baxter* v. *State*, 49 Or. 353 (88 Pac. 677); *Goodrich* v. *Winchester & Deerfield Turnpike Co.* 26 Ind. 119; *Palmer* v. *Stumph*, 29 Ind. 329; and *Paul* v. *Gloucester County*, 50 N. J. Law, 585 (15 Atl. 272: 1 L. R. A. 86). The Indiana "act concerning gravel and macadamized roads" (Laws of 1903, p. 255, c. 145) is almost identical with the one under consideration, and the constitution of that state prohibits local laws for the assessment and collection of taxes for road purposes. There it was held that an earlier law of like import is general in its provisions and open to all the citizens of the state to avail themselves of its benefits: *Goodrich* v. *Winchester & Deerfield Turnpike Co.* 26 Ind. 119; *Bowlin* v. *Cochran et al.* 161 Ind. 486 (69 N. E. 153). Statutes in other states authorizing special assessments upon the property benefited for the expense of the improvement of rural highways or drainage districts are upheld: 25 Am. & Eng. Ency. Law (2 ed.), 1183; *Lewis et al.* v. *Laylin et al.* 46 Ohio St. 663 (23 N. E. 288); *Williams* v. *Cammack*, 27 Miss. 209 (61 Am. Dec. 508); *Graham, etc.*, v. *Conger, etc.* 85 Ky. 582 (4 S. W. 327); *Malchus* v. *District of Highlands*, 4 Bush (Ky.), 547. The operation of this statute is contingent, depending upon the wish of a majority of

the landowners in the vicinity of any proposed improvement and upon the existence of certain conditions, but it is applicable in every portion of the state alike when the contingencies are met.

4. It is also contended that the act authorizes the assessment of a portion of the expense of the improvement against plaintiff's property without reference to benefits. It is certain that the expense of such improvements can be assessed only against lands benefited, and it must be apportioned according to such benefits: *O. & C. R. Co.* v. *Portland,* 25 Or. 229 (35 Pac. 452: 22 L. R. A. 713) ; *King* v. *Portland,* 38 Or. 402 (63 Pac. 2: 55 L. R. A. 812) ; Elliott, Roads & Streets (2 ed.), 542. But this statute is not subject to the criticism that it authorizes such assessment in excess of benefits. The act relates to improvements, the expenses for which are to be assessed "upon real estate adjacent thereto and benefited thereby." This is expressed in Section 2 of the act, as well as in the title. In Section 2 the viewers are directed to "make an estimate of the value of the benefits to all lands within two miles of such improvements, and if the said viewers and appraisers find that such improvement will be of public utility and convenience, and that the costs or expenses thereof, including damages caused landowners thereby, will be less than the benefit to the lands within two miles on either side and one mile beyond the terminus of such improvement, they shall apportion the estimated costs, expenses and damages upon all the said lands within two miles on either side, and one mile beyond the terminus, that are benefited, according to the benefits to be derived therefrom." Thus the act clearly contemplates limiting the assessment to lands benefited and in proportion to such benefits.

5. It is also objected that the limits of the taxing district are fixed arbitrarily by the legislature, and do not include all lands benefited. It is within the power of the legislature to fix the sum to be raised, and also to prescribe the benefited district, or they may delegate one or both of these questions to a local board or body: *King* v. *Portland,* 38 Or. 402; *Spencer*

v. *Merchant,* 125 U. S. 345 (8 Sup. Ct. 921: 31 L. Ed. 763);
*Spencer* v. *Merchant,* 100 N. Y. 585 (3 N. E. 682); *Bauman*
v. *Ross,* 167 U. S. 548 (17 Sup. Ct. 966: 42 L. Ed. 270); *Wil-
liams* v. *Eggleston,* 170 U. S. 304 (18 Sup. Ct. 617: 42 L. Ed.
1047).   The legislature has prescribed the taxing district and
delegated to a local board of viewers power to determine the
extent of the benefits and the manner of apportioning the ex-
pense, and it has a wide discretion in describing the taxing
district, and its action will not be disturbed, except where it
clearly appears that it has exceeded its constitutional authority.
Its taxing power is unlimited, except as restricted by the fed-
eral constitution, and it may authorize local improvements to
be made at the expense of the lands benefited.   As said in
*Spencer* v. *Merchant,* 100 N. Y. 585 (3 N. E. 682):

"The legislature may commit the ascertainment of the sum
to be raised and of the benefited district to commissioners, but
is not bound to do so, and may settle both questions for itself;
and when it does so its action is necessarily conclusive and
beyond review."

This question is exhaustively treated by Mr. Justice Wol-
verton, in *King* v. *Portland,* 38 Or. 402 (63 Pac. 2: 55 L. R.
A. 812), and he concludes:

"The authority of the legislature in these respects is almost
without limit.   Yet that there is a limit beyond which it can-
not go all will concede.   When, however, it has exercised its
legislative discretion, and prescribed a district and adopted a
method, it ought to be plain and indisputable that it has ex-
ceeded its constitutional authority before the court should un-
dertake to set at naught its declared will."

There is nothing suggested in the case before us that indi-
cates that the legislature has exceeded its authority in fixing the
taxing district.

6. It is also urged that lands assessed for one improvement
are unequally burdened in case of a further improvement over-
lapping the first taxing district.   By Section 7 of the act (Laws
1905, p. 414) it is provided:

"And in all cases where any road has been constructed under this act, and another road shall be thereafter, under the ·provisions of this act, constructed within four miles thereof, the amount to be assessed· against all lands included within the overlapping two-mile lines of each road shall be equitably determined by the county court, upon the report of said viewers and appraisers, to the end that such lands shall pay only a just and equitable proportion of the cost of constructing each road compared with other lands not within such overlap."

The term "road," as used here, undoubtedly means the portion improved, and the improvement of any other portion of the same road would be another road within the meaning of this act, and therefore lands within such overlap are protected from unequal burdens. If the portion of the viewers' report · that is in the transcript correctly states the method of computing the assessment against the lands benefited, it would seem to be erroneous in so computing a certain proportion of the total expense against each class regardless of the acreage in such class; but it does not appear how plaintiff's lands are classified, or that they are injuriously affected, and such errors are not for correction in this court.

7. Ample opportunity is afforded a landowner within the taxing district to question the action of the viewers as to whether his land is benefited at all, or as to how much it may be benefited, and as to whether the assessment on his land is proportionate to its benefits, and he has a right to appeal to the circuit court from the action of the county court as to these questions, and that remedy is exclusive, unless it is obvious from the circumstances of the case that the plan or method adopted in estimating the benefits and assessing the expenses amounts to a fraud upon him. Equity will not review the action of the legislature in fixing the taxing district, or of the viewers in estimating the value of benefits to lands within the taxing district, or in apportioning the expense of the improvement, except where it is plain that the constitutional authority of the legislature has been exceeded. The one is the act of the legislature itself, and the other the exercise of a delegated power, and hence the power and discretion of the viewers are coextensive with that of the legisla-

ture while acting within the terms of the act, and, as said by Mr. Justice MOORE, in *O. & C. R. Co.* v. *Portland,* 25 Or. 229 (35 Pac. 452 : 22 L. R. A. 713), "these are questions of policy with which the legislature and its creature, the municipal corporation, deals, and the courts have no right to interfere, except in case of fraud or oppression, or some wrong constituting a plain abuse of such discretion."

Therefore the court erred in overruling the demurrer to the complaint, and the decree will be reversed, and decree rendered here dismissing the suit.                            REVERSED.

---

Decided 16 January, rehearing denied 24 March, 1908.