Argued November 21, decided November 25, 1913.

## PORTLAND v. COFFEY, COUNTY CLERK.

(135 Pac. 358.)

**Parties—Defect—Waiver.**

1. Section 618, L. O. L., permits a defendant, on the return day of an alternative writ of *mandamus,* to show cause by demurrer or answer "in the same manner as to a complaint in an action at law." Section 68 permits defendant to demur to the complaint when it appears on its face that plaintiff has no legal capacity to sue, or that there is a defect of parties plaintiff. Section 69 requires the demurrer to distinctly state the grounds of objection to the complaint, and Section 72 provides that, if no objection be taken by demurrer or answer, defendant is deemed to have waived the defect, except objections to jurisdiction, and that the complaint does not state a cause of action. *Held,* that a defect of parties plaintiff shown on the face of an alternative writ of *mandamus* was waived if not raised by demurrer, in analogy to the rule that such defects appearing from the face of the complaint are waived by failure to demur.

**Mandamus—Proceedings—Parties Plaintiff.**

2. While *mandamus* is a civil remedy, the rule prevailing in Oregon permits the proceeding to be prosecuted in the name of the state on

relation, though civil remedies which are not ordinary actions have more frequently been maintained by a private party as plaintiff.

### Statutes—General Laws.

3. A statute which is complete in itself when enacted is a general law and effective throughout the state, though its relation in particular localities is made to depend on a majority vote of the qualified electors thereof.

[As to what are general statutes, see note in 21 Am. St. Rep. 780.]

### Constitutional Law—Statutes—Completeness.

4. Laws of 1913, page 625, Section 6, providing that no elector not registered as provided therein shall vote, provided that, in case the Supreme Court should hold the provisions for compulsory registration invalid, then, and in that case only, the elector may register with the judges of election as further provided, was not complete when enacted, as required by Article I, Section 21 of the Constitution, providing that no law shall be passed, the taking effect of which shall depend upon any authority, except as provided in the Constitution.

### Constitutional Law—Departments of Government—Commingling Functions.

5. Laws of 1913, page 625, Section 6, providing that no elector not registered as provided herein shall vote, provided that, in case the Supreme Court should hold the provisions thereof invalid, then, and in that case only, he may register as further provided, contravened Article III, Section 1 of the Constitution, requiring the departments of government to be kept separate.

### Elections—Registration—Reasonableness of Regulations.

6. In view of Laws of 1913, page 625, Section 5, providing that no elector not registered as provided therein shall be entitled to vote, Section 13, providing that, if the certificate of registration is lost or destroyed by a natural calamity, the elector shall establish that fact by the oath of two witnesses, is an unreasonable regulation of the right of suffrage.

[As to validity of statute providing for registration of voters, see note in Ann. Cas. 1913B, 17.]

### Elections—Right of Suffrage—Regulation.

7. While the legislature may enact a reasonable registration law to purify and protect the ballot, statutes which have the effect of preventing voters from exercising the right of suffrage conferred on them by Article II, Section 2 of the Constitution, as amended November 5, 1912 (Laws 1913, p. 7), prescribing the qualifications of electors, are invalid.

### Statutes—Repeal—Invalidity of Repealing Act.

8. Where an act expressly repealing another, and providing a substitute therefor, is held invalid, the repealing clause is also invalid, unless it appears that the legislature would have enacted it even without providing a substitute for the act repealed.

Elections—Registration—Repeal of Statute.

9. From a consideration of their provisions, it is *held* that the legislature would not have expressly repealed Sections 3447–3463, 3466, L. O. L., relating to the registration of voters, as it did by Section 22 of Laws of 1913, page 631, relating to compulsory registration, without providing a substitute therefor, had it known that the repealing act was invalid, so that the repealing clause will also be held invalid, leaving the repealed sections in force.

En Banc.    Petition for *mandamus*.

*Mr. Walter P. La Roche,* City Attorney, and *Mr. L. E. Latourette,* Deputy City Attorney, for the plaintiff.

*Mr. Walter H. Evans,* District Attorney, for the defendant.

MR. JUSTICE MOORE delivered the opinion of the court.

This is a special proceeding instituted in this court by the City of Portland, a municipal corporation, against John B. Coffey, as county clerk of Multnomah County, Oregon, to compel him to perform the duties alleged to devolve upon him pursuant to Sections 3447 to 3469, inclusive, of L. O. L., particularly with respect to the registration of electors of the City of Portland, and to prepare and furnish to the auditor of that city precinct registration lists and blanks for use at a special election to be held in the City of Portland December 9, 1913.    An alternative writ of *mandamus* having been issued and served on the defendant, he demurred thereto on the ground that it did not state facts sufficient to constitute a cause of action.

1. It was argued that the City of Portland was not a proper party plaintiff.    The statute permits a defendant, on the return day of an alternative writ, to show cause by a demurrer or answer in the same manner as to a complaint in an action at law: Section 618, L. O. L. In such case the defendant may demur to a complaint when it appears upon the face thereof, either (2) "that the plaintiff has no legal capacity to sue; or * * (4)

that there is a defect of the parties plaintiff'': Section 68, L. O. L. The demurrer shall distinctly state the grounds of objection to the complaint: Section 69, L. O. L. If no objection be taken either by demurrer or answer, the defendant shall be deemed to have waived the same except only the objection to the jurisdiction of the court, and that the complaint does not state facts sufficient to constitute a cause of suit or action: Section 72, L. O. L. The objection arising from a defect of parties when apparent from the face of the complaint should be taken by demurrer, and, if not so taken, it is waived: *Osborn* v. *Logus,* 28 Or. 302 (37 Pac. 456, 38 Pac. 190, 42 Pac. 997); *Owings* v. *Turner,* 48 Or. 462 (87 Pac. 160). In the case at bar, an inspection of the alternative writ which is equivalent to a complaint would have disclosed the defect of parties; but, no demurrer having been interposed on that ground, if any irregularity in this respect exists, it was waived.

2. The writ of *mandamus* was, at common law, a command issued in the name of the sovereign. Though it is a civil remedy, the rule prevailing in Oregon permits such proceedings to be prosecuted in the name of the state on the relation of some person: *State ex rel.* v. *Bryan,* 26 Or. 502 (38 Pac. 618); *State ex rel.* v. *Williams,* 45 Or. 314 (77 Pac. 965, 67 L. R. A. 166); *State ex rel.* v. *Malheur County Court,* 46 Or. 519 (81 Pac. 368). Such civil remedies, which are not ordinary actions, have more frequently been maintained in this State by a private party as plaintiff: *Warner* v. *Myers,* 4 Or. 72; *Smith* v. *King,* 14 Or. 10 (12 Pac. 8); *Che Gong* v. *Stearns,* 16 Or. 219 (17 Pac. 871); *Biggs* v. *McBride,* 17 Or. 640 (21 Pac. 878, 5 L. R. A. 115); *Stevens* v. *Carter,* 27 Or. 553 (40 Pac. 1074, 31 L. R. A. 342).

It is unnecessary to set forth the entire averments of the alternative writ of *mandamus,* since the only question involved is the validity of an act of the legis-

lative assembly, filed in the office of the Secretary of State February 28, 1913 (Chapter 323, Laws Or. 1913), as to whether or not such enactment violates certain provisions of the Constitution of Oregon, hereinafter referred to.

The act in question requires the county clerk of each county in this state to procure such books, cards, or other material as may be needed in registering the voters of the county: Section 1.

Precinct registers are prescribed, and registration therein shall be in duplicate for precincts not wholly within a municipal corporation, and in triplicate for precincts wholly therein, "and in all cases one copy shall be given by the county clerk as a certificate of election to the elector": Section 3.

"No elector who is not registered as provided in this act shall be entitled to vote at any election provided for by law except in school district or road district elections; provided, that in case the Supreme Court should hold the above provisions for compulsory registration invalid then, and in that case only, the elector may register with the judges of the election upon election day by subscribing to the following form and securing the affidavit of six freeholders that they are personally acquainted with the elector and his qualifications as an elector"—setting forth the form prescribed: Section 6.

Any elector who may complete his residence during the period in which the registers are closed, or who may attain the age of 21 years, may register during a period of four months next preceding the closing of the registration for the election at which he desires to vote: Section 7.

As soon as this law goes into effect, the county clerk of each county is required to appoint an official registrar in each precinct in the county not included in or a part of the municipality in which the county courthouse is situated: Section 10.

As long as an elector resides in the precinct from which he registers, he shall not be required to register again, unless he shall fail to vote at any general election, or unless he changes his political affiliation: Section 12.

When an elector removes from a precinct in which he is registered, and gains residence in another precinct, he must re-register by surrendering to the county clerk his certificate of registration to be canceled. "In case such certificate of registration has been lost, or has been destroyed in any natural calamity, such elector shall produce before the official registrar, or the county clerk, two witnesses who shall sign an affidavit under oath that such is the fact": Section 13.

Sections 3447, 3448, 3449, 3450, 3451, 3452, 3453, 3454, 3455, 3456, 3457, 3458, 3459, 3460, 3461, 3462, 3463, and 3466 of L. O. L. are repealed: Section 22.

By Section 23 of the act Section 3464, L. O. L., was amended in some particulars.

It will be remembered that Section 6 of the enactment declares that no elector who is not registered shall be entitled to vote at any state election "*provided,* that in case the Supreme Court should hold the above provisions for compulsory registration invalid then, and in that case only, the elector may register with the judges of the election upon election day."

Section 21 of Article I of the state Constitution reads: "No *ex post facto* law, or law impairing the obligations of contracts, shall ever be passed, nor shall any law be passed the taking effect of which shall be made to depend upon any authority, except as provided in this Constitution; *provided,* that laws locating the capital of the state, locating county seats, and submitting town and corporate acts, and other local and special laws, may take effect or not, upon a vote of the electors interested."

This clause of the organic act has been construed to mean that a law may go into general effect in the entire state as declared in the act or pursuant to the Constitution when no time is thus fixed, and yet not be appropriated to a particular district until so applied by a vote of the electors: *Fouts* v. *Hood River*, 46 Or. 492 (81 Pac. 371, 7 Ann. Cas. 1160, 12 L. R. A. (N. S.) 483); *Baxter* v. *State*, 49 Or. 353 (88 Pac. 677, 89 Pac. 369); *St. Benedict's Abbey* v. *Marion County*, 50 Or. 411 (93 Pac. 231); *State* v. *Kline*, 50 Or. 426 (93 Pac. 237); *Hall* v. *Dunn*, 52 Or. 475 (97 Pac. 811, 25 L. R. A. (N. S.) 193); *State* v. *Corvallis & E. R. Co.*, 59 Or. 450 (117 Pac. 980).

3. If a statute is complete in itself when it comes from a legislative assembly, it is a general law and effective throughout the entire state, though its operation in particular localities may be made to depend upon a majority vote of the qualified electors thereof: Elliott, Elements Mun. Corp., § 60.

4, 5. The principle thus announced is well recognized in this state, where it has been held that a general statute, complete in itself, requiring nothing else to give it validity, could be made applicable to a particular section by a vote of the qualified electors: *Fouts* v. *Hood River*, 46 Or. 492 (81 Pac. 370, 7 Ann. Cas. 1160, 1 L. R. A. (N. S.) 483). The application of the act under consideration is not made to be appropriated to any particular district upon any vote of the people, who are regarded as the source from which legislative authority emanates, but the validity of the enactment is to depend upon a decision of the Supreme Court. This is in effect combining independent departments of the state government which the organic law declares shall be kept separate: Article III, Section 1 of the Constitution of Oregon.

Chapter 323 of the Laws of Oregon, 1913, was not complete when it left the legislative assembly.

6. Examining other provisions of the act it will be kept in mind that when an elector is registered he shall receive from the county clerk a duplicate copy of registration as a certificate of election: Section 3.

When an elector removes from one precinct in which he is registered and gains a residence in another precinct, he is required to re-register by surrendering to the proper officer his certificate of registration and causing his former registration to be canceled. "In case such certificate of registration has been lost, or has been destroyed in any natural calamity, such elector shall produce before the official registrar, or the . county clerk, two witnesses who shall sign an affidavit under oath that such is the fact": Section 13.

From the language last quoted it is fairly to be implied that unless the elector can substantiate in the manner prescribed the fact of the loss of his certificate, or that it has been destroyed in some natural calamity, the voter cannot thereafter exercise the right of suffrage. Hence if his certificate were torn up by a child or destroyed by a pup or any other animal, his right to vote in any election is forever gone, the unreasonableness of which provision would seem quite apparent.

7. Article II, Section 2 of the Constitution of this state as amended November 5, 1912 (Laws Or. 1912, p. 7), prescribes the qualifications of electors. Though the legal right of a citizen is thus recognized, it is conceded that the legislative assembly may by reasonable enactment protect the right so as to preclude disqualified persons from voting and that any registration law which tends to purify the ballot and to prevent repeating ought to be upheld in the interest of good government. When, however, such legislation trenches upon the authority conferred by the organic act upon legal voters so as to prevent them from exercising the right of suffrage, the courts must, when properly appealed

to, set aside such enactments as are violative of the provisions of the fundamental law.

8. Although one part of a statute may be determined invalid while other parts are held to be effective, if the act in question had declared that all provisions of law in conflict therewith were repealed, so that such new act would be operative, and the enactment was declared void, the rule is that nothing would be repealed: *Portland* v. *Schmidt,* 13 Or. 17 (6 Pac. 221). Where an act expressly repealing another act and providing a substitute therefor is found to be invalid, the repealing clause must be held to be invalid, unless it appears that the legislative assembly would have passed the repealing clause even if it had not provided a substitute for the act repealed: 36 Cyc. 1099.

We are satisfied that the legislature would not have repealed the sections of the statute in question if it had been supposed that the new act adopted in lieu thereof was invalid.

It follows from these considerations that the demurrer should be overruled and a peremptory writ issued as demanded in the alternative writ, and it is so ordered.                    PEREMPTORY WRIT ISSUED.

MR. JUSTICE BURNETT did not sit in this case.