Argued December 10, affirmed December 31, 1914, rehearing denied January 19, 1915.

# VAN BRAKLE v. STATE BOARD OF HEALTH.*

### (144 Pac. 1170.)

**Health — County Health Officer — Removal — Jurisdiction of State Board.**

1.   The state board of health cannot remove a county health officer appointed by the County Court pursuant to Section 4695, L. O. L., on the ground that he is not eligible to hold the office; a complete remedy being provided in such cases by Section 366, L. O. L., which authorizes an action at law in the name of the state.

**Officers—Removal—Proceedings—Compliance With Statute.**

2.   Where statutory authority is conferred on a board to remove a public officer, the proceeding prescribed must be strictly pursued; and, where an officer is appointed for a term, he cannot be removed except by express authority.

[As to right of appointing power to remove officer when term of office is fixed, see note in Ann. Cas. 1914B, 524.]

From Clackamas: JAMES U. CAMPBELL, Judge.

This is a proceeding by J. A. Van Brakle to review the act of the state board of health in removing plaintiff from the office of county health officer of Clackamas County.   The Circuit Court sustained the writ and defendant appeals.

AFFIRMED.   REHEARING DENIED.

For appellant there was a brief over the names of *Mr. Charles D. Latourette, Mr. James W. Crawford,* Assistant Attorney General, *Mr. Andrew M. Crawford,* Attorney General, and *Mr. D. Clinton Latourette,* with oral arguments by *Mr. Charles D. Latourette* and *Mr. James W. Crawford.*

For respondent there was a brief over the names of *Mr. Andrew M. Crawford, Mr. L. Stipp, Messrs.*

*Upon the right to remove officers summarily, see note in 15 L. R. A. 95.                                                                          REPORTER.

*U'Ren & Schuebel* and *Mr. John H. Sievers,* with oral arguments by *Mr. Christian Schuebel* and *Mr. Stipp.*

Department 1. Mr. Justice Bean delivered the opinion of the court.

In the early part of 1913, plaintiff was appointed as county health officer of Clackamas County by the County Court under the provisions of Section 4695, L. O. L. On March 19, 1914, charges against plaintiff were filed with the state board of health averring as follows:

"That on or about the 1st day of October, 1913, one Frank Kobelnich, being then and there afflicted with malignant diphtheria, called upon the said J. A. Van Brakle for diagnosis and treatment, and that thereupon the said J. A. Van Brakle informed said patient that he had tonsilitis, and that the said J. A. Van Brakle then and there undertook to treat said case as a case of tonsilitis, and, disregarding his duty as such health officer, failed to quarantine said case and neglected and failed to report the said case, as it was his sworn duty to do, but allowed said Kobelnich to depart from his office without quarantine and without notice or warning of the dangers of allowing him to associate and mix with the general public, thereby exposing the general public to danger of contagion from said case. That on October 9, 1913, one O. M. Smith, being then and there afflicted with typhoid fever, applied to the said J. A. Van Brakle for diagnosis and treatment, and the said J. A. Van Brakle thereupon made an examination of said case, and, for a fee of one dollar, then paid by said O. M. Smith, pronounced said case a case of bronchitis, and stated to the said O. M. Smith that he was threatened with malaria, and the said J. A. Van Brakle failed and neglected to quarantine said case and, contrary to law, failed to report the same. That on the 11th day of October, 1913, the said J. A. Van Brakle visited one Fred Alex-

ander, a child afflicted with diphtheria, residing at Concord, in said county, and failed to report the said case and raised the quarantine within five days after the case had been pronounced, in violation of the law and his sworn duty. That the said J. A. Van Brakle has willfully violated the law of this state in appointing at least one other person as deputy, without the knowledge or consent of the County Court of Clackamas County, Oregon, who has undertaken to officiate in such capacity without authority of law. That the said J. A. Van Brakle is not competent to fill said office."

The petition asks for his removal from office. A hearing was had on March 31st, and on April 7th the board made an order as follows:

"In the matter of the charges preferred by M. C. Strickland and Guy Mount demanding a hearing and removal of J. A. Van Brakle as health officer of Clackamas County, the state board of health is of the opinion that it is not necessary to remove the said J. A. Van Brakle for the reason that he has never been appointed, and that his holding the office and drawing the salary has been illegal."

At a regular meeting of the state board of health held on July 8, 1914, the board considered the charges as follows:

"And the board thereupon after due consideration of the charges filed and of the evidence produced by the complainants and the defendant, J. A. Van Brakle, find that the said J. A. Van Brakle was not at that time of his nomination and appointment by the county court of Clackamas County, Oregon, nor is he at the present time, qualified under the laws of the State of Oregon to fill the office of county health officer of Clackamas County, Oregon. And the board further finds that the charges as preferred by the said M. C. Strickland and Guy Mount are sustained."

74 Or.—24

The board ordered that Van Brakle be removed from office and notified the County Court to appoint some other suitable person. The validity of the action of the state board of health is the question upon this appeal.

The County Court of Clackamas County is authorized by Section 4695, L. O. L.:

To "elect a secretary who shall be the health officer of the appointing board, and who shall be a graduate of a reputable medical college, and shall be in possession of a license issued by the Oregon state board of medical examiners, and if such appointee is not already informed in hygiene and sanitary science, shall immediately so inform himself according to the requirements of the state board of health. * * "

Plaintiff alleges in his petition:

"That said charges purported to charge that the said plaintiff was incompetent to treat contagious or infectious diseases, and that he had made improper diagnoses in the treatment of certain cases therein specified, but that said charges contained no charge against said plaintiff of intemperance, failure to collect vital statistics, obey rules or by-laws, keep records, make reports, or answer letters of inquiry of said state board concerning the health of the people of any of said things, and said charges for that reason gave the said defendant no power or jurisdiction to try or hear or determine anything concerning the plaintiff herein."

1. From an examination of the proceedings before the state board of health it is clear that the reason for the dismissal of plaintiff was that it was deemed by the board that he was not eligible to hold the office. Plaintiff was not removed for any of the causes specified in Section 4695, L. O. L. The board of health is not authorized by the statute to remove a county health officer for the reason that he is ineligible to hold

that office.    If J. A. Van Brakle was unlawfully holding the office in question, as held by the state board of health, a complete remedy is provided by virtue of Section 366, L. O. L., authorizing an action at law in the name of the state: *Stevens* v. *Carter,* 27 Or. 553 (40 Pac. 1074, 31 L. R. A. 342); *State ex rel.* v. *Stevens,* 29 Or. 471 (44 Pac. 898); *Beard* v. *Beard,* 66 Or. 524 (133 Pac. 797, 134 Pac. 1196); *Portland* v. *Coffey,* 67 Or. 510 (135 Pac. 358).

2. We appreciate the importance and difficulties in enforcing the statute for the protection of the public. In the wisdom of the legislature it seems to be contemplated that the county health officer should, by reports made to him, have the advice and assistance of skilled physicians who have in most cases given special attention to the diseases which are to be reported to the state board of health.    The lawmakers did not see fit to clothe the board of health with power to remove such an officer in case of a mistake or disagreement in the diagnosis of a contagious disease, or for a failure of such officer upon a diagnosis to discover a contagious disease.    Where authority is conferred by statute upon a board to remove a public officer, the proceeding must be strictly pursued; and, where an officer is appointed for a term, he cannot be removed except by express authority: Mechem's Public Offices and Officers, §§ 452, 445; Endlich, Interpretation of Statutes, §§ 158, 160, 351, 352; 11 Cyc. 696.

The state board of health exceeded its jurisdiction in the premises, and the judgment of the lower court was correct in so holding, and is therefore affirmed.

AFFIRMED.    REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BURNETT and MR. JUSTICE RAMSEY concur.