Argued July 1, decided July 15, rehearing denied September 23, 1913.

## BEARD *v.* BEARD.

(133 Pac. 797: 134 Pac. 1196.)

Corporations—Foreign Corporations—Internal Affairs—Jurisdiction.

1. The rule that courts decline jurisdiction of controversies relating to the management of the internal affairs of a foreign corporation is not strictly a question of jurisdiction, but of discretion in the exercise of jurisdiction, since except in cases involving the exercise of visitorial powers, the rule rests more on grounds of public policy and expediency than on jurisdictional grounds.

[Jurisdiction of foreign corporations is the subject of a note in 85 Am. St. Rep. 905.]

Corporations—Foreign Corporations—Internal Affairs—Recovery of Property.

2.   Where a suit was brought by the secretary of a foreign corporation on its behalf, to require a resident of Oregon to deliver property in his possession to plaintiff as his successor in office, and all the parties interested were residents of Oregon, so that the court's authority could be exercised on the person of the defendant, the court would take jurisdiction, and determine the controversy without remanding the plaintiff to a foreign jurisdiction, in which it was shown that service of process could not be had.

Corporations—Foreign Corporations—Regulation—Visitorial Powers— Defenses.

3.   The rule which restricts interference by a court in the internal affairs of a foreign corporation is for the protection of the corporation, and is not available as a defense to a suit at the instance of the corporation, or on its behalf.

Quo Warranto—Corporations—Right to Office.

4.   The remedy to determine the right to an office in a private corporation is by an action in the nature of *quo warranto.*

Mandamus—Corporate Officers—Indicia of Office.

5.   An officer whose term of office has expired cannot defeat his successor's right to *mandamus* for possession of the indicia of the office and the property of the corporation, by raising the question of the validity of his successor's title.

Corporations—Officers—Election—Rights of Successor.

6.   Until the election of an incoming secretary of a corporation has been declared void by a court of the state of the corporation's domicile, the election will be held valid, and the officer's rights thereunder protected by the courts of Oregon.

Mandamus—Corporate Books and Records—Delivery to Officer Elect.

7.   *Mandamus* is available to compel the outgoing secretary of a foreign corporation to deliver the corporation's books, records, and personal property to the secretary-elect.

Mandamus—Other Remedy—Foreign Corporations—Books and Papers —Replevin.

8.   Replevin, being a local action which lies only for the possession of goods situated within the county in which the venue is laid, and requiring great particularity of description, did not furnish an adequate remedy by which an incoming secretary of a foreign corporation might recover from his predecessor the books, papers, and personal property belonging to the office, so as to prevent the obtaining of such relief by *mandamus.*

Mandamus—Nature of Proceeding—Action at Law.

9.   A *mandamus* proceeding is an action at law.

Mandamus—Findings—Review.

10.   Findings of a trial court in a *mandamus* proceeding have the force and effect of a verdict, and should not be set aside on appeal, where there is any evidence to sustain them.

**Mandamus—Corporate Records—Recovery.**

11. While *quo warranto,* and not *mandamus,* is the proper remedy to try the disputed title to a corporate office, one elected secretary of a corporation in a manner and by procedure conformable to its by-laws and existing laws, and who therefore had a *prima facie* title to the office which he was then holding, could compel a former secretary by *mandamus* to deliver to him the books and papers of the corporation.

**Mandamus—Corporate Records—Recovery—Scope of Inquiry.**

12. In a *mandamus* proceeding by one having a *prima facie* title to the office of secretary of a corporation to compel a former secretary to deliver the books and papers of the corporation, the question whether plaintiff's election was irregular was not open to determination, since *quo warranto* must be employed to search the records of an election.

From Multnomah: Henry E. McGinn, Judge.

Department 2.     Statement by Mr. Justice Bean.

This is a *mandamus* proceeding commenced July 19, 1912, by S. Roscoe Beard, as secretary of the Beard Fruit Company, against A. Edgar Beard, to compel the defendant to deliver to the plaintiff, as secretary of the Beard Fruit Company, certain books, papers, and promissory notes. The writ sets forth, in substance, as follows: The Beard Fruit Company is a foreign corporation, organized under the laws of the State of Washington, and the plaintiff is and has been since July 9, 1912, the duly qualified and acting secretary of the corporation, and entitled to the books and choses in action of the company, some of which are without the State of Oregon, and all under the control of the defendant. The defendant resides in Multnomah County, Oregon, and cannot be served personally in the State of Washington. For a long time prior to July 9, 1912, the defendant was secretary of the Beard Fruit Company, and had and claimed the records and papers as such secretary. Plaintiff demanded the possession of the same, but the defendant did not comply therewith.

The latter demurred to the writ for want of jurisdiction and sufficient facts.   The Circuit Court overruled the demurrer.   The defendant answered, denying all the allegations of the writ, except that the company is a Washington corporation, and that the defendant resides in Oregon, and was secretary prior to July 9, 1912.   The first defense alleges in effect that the defendant is and  has  been since November 17, 1901, secretary of the corporation, and sets forth in detail facts from which the defendant claims that the election of the plaintiff as secretary was illegal.   The second defense shows that the books and papers are in the possession of Gilbert Daniels, the resident trustee of the company at Vancouver, Washington.   The third defense alleges in effect that there is controversy existing among the stockholders as to the ownership of the shares of stock in the corporation; that this proceeding is a plan to obtain control of the corporation illegally, in furtherance of a conspiracy; that the title of the plaintiff to the office has not been adjudicated, and that the court has no jurisdiction over the subject matter, or over the defendant; that the proceeding relates entirely to the management of the internal affairs of a foreign corporation.

Plaintiff filed a reply putting in issue the material allegations of the answer.   Upon the trial the Circuit Court made findings in favor of the plaintiff.   The defendant requested certain findings of facts, which were refused and exceptions duly saved.   Judgment was entered making the writ peremptory and the defendant appeals.          AFFIRMED : REHEARING DENIED.

For appellant there was a brief over the name of *Griffith, Leiter & Allen,* with an oral argument by *Mr. Rufus A. Leiter.*

For respondent there was a brief over the name of *Snow & McCamant,* with an oral argument by *Mr. Wallace McCamant.*

MR. JUSTICE BEAN delivered the opinion of the court.

The first point urged by the defendant's counsel is raised by the demurrer and by the third separate answer, to wit, that it is not within the judicial province of a court of this state to supervise the internal affairs of a corporation of the State of Washington. The Beard Fruit Company was organized under the laws of the State of Washington by S. M. Beard, now deceased, who was the equitable owner of nearly all the assets of the corporation. In 1906 he moved from Vancouver, Washington, to Portland, Oregon. Until July 6, 1912, all the stockholders of the company resided at the latter place. At that time a share of stock was assigned to E. S. Biesecker, of Vancouver, as trustee. The by-laws of the Beard Fruit Company were amended July 13, 1909, so that they required four directors. It was also necessary, under the Washington laws, that there should be a Washington stockholder, who should also be a member of the board of directors. One share of the stock was therefore assigned to each of the following: Captain Griffith, E. S. Biesecker, and W. L. Gray, who executed certificates of trust therefor to Mary B. Gray. They were chosen directors. The authorized capital stock of the company was 100 shares. At the time of the organization 50 shares of the stock were issued to Mary E. Beard, whose present name is Mary B. Gray, 40 shares to A. Edgar Beard, and 10 to S. M. Beard. The latter died January 8, 1910. The ownership of the 10 shares is in litigation, the defendant claiming them as his own, and the plaintiff claiming that they belong to the estate of S. M. Beard. These shares were involved

in an action for the possession thereof, in which an opinion has just been rendered by this court, to wit, in the case of *Beard, as Executor,* v. *Beard, post,* p. 526 (133 Pac. 795). The estate of S. M. Beard is being administered in the probate court of Multnomah County, Oregon. S. Roscoe Beard is the sole executor. The devisees under S. M. Beard's will are S. Roscoe Beard, Mary B. Gray, A. Edgar Beard, and Carrie Ella Cadwell, who are brothers and sisters, and were the nephews and nieces of S. M. Beard, deceased, and Susan Beard, the mother of the four devisees just mentioned, and a sister in law of the deceased. These parties, by the will, were each given a one-fifth interest in the estate for the payment of certain small legacies.

1. The doctrine that courts decline jurisdiction of controversies relating to the management of the internal affairs of a foreign corporation is not strictly a question of jurisdiction, but rather of discretion in the exercise of jurisdiction. Except in cases involving the exercise of visitorial powers, the rule rests more upon grounds of public policy and expediency than upon jurisdictional grounds, and more upon a want of power to enforce a decree than upon jurisdiction to make it.

2. Where the relief sought amounts to requiring a resident of the state, who has been an officer in the corporation, to deliver property to his successor in office, who has been duly elected, in order that the property may be cared for and protected, and where all the parties interested are residents of this state, and where the authority of the court is to be exercised upon the person of the defendant, and the action is brought in behalf of the corporation, the court should exercise the power of determining the controversy without remanding the suitor to a foreign jurisdiction in which it is shown that services of process cannot be had upon the defendant: *Babcock* v. *Farwell,* 245 Ill.

14 (91 N. E. 683, 137 Am. St. Rep. 284, 19 Ann. Cas. 74); *Edwards* v. *Schillinger,* 245 Ill. 231 (91 N. E. 1048 137 Am. St. Rep. 308, 33 L. R. A. (N. S.) 895); *Ernst* v. *Rutherford etc.,* 38 App. Div. 388 (56 N. Y. Supp. 403, 405); *Richardson* v. *Clinton Wall etc. Co.,* 181 Mass. 580 (64 N. E. 400); Beale, Foreign Corporations, §§ 300–312.

This is not an action where it is claimed that an officer of a corporation has offended solely against the majesty of the State of Washington. It appears from the pleadings and all the evidence that the action is brought to protect the rights of stockholders and citizens of this State to the property in the corporation. No good reason appears why they are not entitled to receive full relief in our courts, in so far as such relief can be accomplished by acting directly on the person of the defendant. Should there be a question as to the enforcement of the judgment, we should be inclined to apply the suggestion made in the case of *Kalyton* v. *Kalyton,* 45 Or. 116, 131 (74 Pac. 491, 78 Pac. 332), and declare the law irrespective of consequences that may result therefrom.

3. Courts will not exercise visitorial powers over foreign corporations or interfere with the management of their strictly internal affairs. The difficulty is in drawing the line of demarcation between matters which do and others which do not, pertain to the management of the internal affairs of the corporation: *Guilford* v. *Western Union Tel. Co.,* 59 Minn. 332 (61 N. W. 324, 50 Am. St. Rep. 407). The purpose of the rule which restricts interference by a court in the internal affairs of a foreign corporation is the protection of the foreign corporation. The defense, therefore, is available only to the corporation; it cannot be maintained as against the corporation in a proceeding brought on its behalf and at its instance: *Babcock* v. *Farwell,* 245 Ill. 14 (91

N. E. 683, 137 Am. St. Rep. 284, 19 Ann. Cas. 74);
*Ernst* v. *Elmira Co.,* 24 Misc. Rep. 583 (54 N. Y. Supp.
116).

4. In the case at bar this court is not called upon to
finally determine the validity of the election of the
secretary of the corporation, nor to consider that ques-
tion only in so far as the present necessities may re-
quire, but to find who has *prima facie* title to the office
of secretary and entitled to the present possession of
the property of the corporation, and grant relief ac-
cordingly, leaving the contest, if any there be as to the
election to be determined in a proper proceeding. In
this state such contest would be in an action in the
nature of *quo warranto.*

5, 6. An officer whose term of office has expired can-
not defeat his successor's right to a writ of *mandamus*
for possession of the indicia of the office and the prop-
erty of the corporation by raising a question as to the
validity of the latter's title: *Stevens* v. *Carter,* 27 Or.
553, 561 (40 Pac. 1074, 31 L. R. A. 342). In this case
the plaintiff instituted a proceeding in *mandamus* to
obtain possession of the office to which she had been
*prima facie* elected. The question was raised under
the Constitution as it then existed, as to the right of
the plaintiff to hold the office. The court declined to
pass upon that question, and sustained the writ. In a
proceeding properly raising that question, it was deter-
mined that, under the Constitution before the amend-
ments which have since been made, the plaintiff, being a
woman, was not authorized to hold the office in ques-
tion: *State ex rel.* v. *Stevens,* 29 Or. 464, 473 (44 Pac.
898). Until the election of the secretary of the Beard
Fruit Company is declared to be void by the court of
the State of Washington, we shall hold it to be valid,
and protect the rights thereunder: See *State ex rel.
Ryan* v. *Cronan,* 23 Nev. 437 (49 Pac. 41); *Cruse* v.

*State ex rel.,* 52 Neb. 831 (73 N. W. 212) ; *State ex rel.* v. *Kipp,* 10 S. D. 495 (74 N. W. 440) ; *Ernst* v. *Rutherford etc. Co.,* 38 App. Div. 388 (56 N. Y. Supp. 403, 405).

7. It is contended by the defendant that the plaintiff has a plain, speedy and adequate remedy at law by an action for possession of the personal property. High, Extraordinary Remedies, section 306, states : ''And the rule is well established both upon principle and authority, that *mandamus* will lie to compel the surrender and delivery of corporate books and records to the officers properly entitled thereto. And where the term of office has expired, either by removal, or by lapse of time, and the officer refuses to surrender the corporate records and documents to his successor duly elected and entitled to their custody and control, *mandamus* will go to compel the delivery'': See, also, Cook, Corporations, § 515.

8. It is apparent that an action of replevin would not be an adequate remedy, for the reason that only a portion of the property is situate in one jurisdiction. In order to adjust the property rights pertaining to S. M. Beard's estate, the parties have already prosecuted an action at law: *Beard, as Executor,* v. *Beard, post,* p. 526 (133 Pac. 795) ; and a suit in equity: *Mary B. Gray and S. Roscoe Beard* v. *A. Edgar Beard, ante,* p. 59 (133 Pac. 791), opinions in which have been lately rendered. A portion of the property involved in those cases was held by the Beard Fruit Company. Replevin is a local action, and lies only for the possession of the goods situate in the county in which venue is laid: *Kirk* v. *Matlock,* 12 Or. 319 (7 Pac. 322) ; *Prescott* v. *Heilner,* 13 Or. 200 (9 Pac. 403) ; *Moorhouse* v. *Donaca,* 14 Or. 430 (13 Pac. 112) ; *Byers* v. *Ferguson,* 41 Or. 77, 79 (65 Pac. 1067, 68 Pac. 5). In a replevin action it is necessary to describe the personalty with greater particularity of description than

is required in a proceeding in *mandamus,* trover, or trespass: 34 Cyc. 1471; *Foredice* v. *Rinehart,* 11 Or. 208, 209 (8 Pac. 285); *Fox* v. *Tift,* 57 Or. 268, 271 (111 Pac. 51, Ann. Cas. 1912D, 845).

9, 10. The Circuit Court found that at a meeting of the stockholders of the Beard Fruit Company, held on the 9th day of July, 1912, Mary B. Gray, W. L. Gray, J. H. Griffiths and E. S. Biesecker were duly elected trustees of said corporation for the year beginning July 9, 1912; that at said meeting, Mary B. Gray rightfully voted 47 shares of stock of the corporation; that S. Roscoe Beard, as executor of the estate of S. M. Beard, deceased, rightfully voted 10 shares of stock of the corporation, and that W. L. Gray, J. H. Griffiths, and E. S. Biesecker rightfully voted one share each of the stock of the corporation; that after their election the trustees duly qualified by taking the trustees' oath prescribed by the State of Washington. We think there was sufficient evidence to support the finding. A proceeding in *mandamus* is an action at law: *In re Vinton,* 65 Or. 422 (132 Pac. 1165). The findings of the lower court have the force and effect of a verdict, and should not be set aside where there is evidence to sustain them: *Giaconi* v. *Astoria,* 60 Or. 12, 28 (113 Pac. 855, 118 Pac. 180); *Aerne* v. *Gostlow,* 60 Or. 113, 119 (118 Pac. 277); *Van De Wiele* v. *Garbade,* 60 Or. 585 (120 Pac. 752).

Finding no error, the judgment of the lower court will be affirmed.                              AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE MCNARY concur.

Decided September 23, 1913.

## ON PETITION FOR REHEARING.

(134 Pac. 1196.)

MR. JUSTICE MCNARY delivered the opinion of the court on rehearing.

11. A petition for rehearing has been filed in this case by counsel for defendant on the ground that, if the title to an office is directly and unavoidably in controversy, the court will not grant relief by action of *mandamus;* and in advocacy thereof, counsel cite the case of *State* v. *Williams,* 25 Minn. 340. In that case, the contest was over a political office. The county treasurer of one of the counties of the state had been, during the term of his office as county treasurer, elected to and had accepted the office of representative in the state assembly. The board of commissioners, believing the state Constitution inhibited the treasurer from serving in the dual capacity of county treasurer and representative, appointed another to the office of county treasurer. Possession of the office being withheld by the treasurer, the appointee of the county commissioners sought to compel delivery by *mandamus.*

In the legal controversy which ensued, the treasurer contended the only question for the court to consider was the title of the office of county treasurer, and that the correct proceeding would be one in the nature of *quo warranto,* and that *mandamus* could not be maintained. The court with fitness said:

"We think this is so. Unless his election to, his acceptance and entry upon, the duties of the office of representative, operated to deprive Williams of the office of treasurer, the relator's appointment is an absolute nullity. The question whether the relator has any right to the office depends altogether upon whether

Williams has any title to the same. That question lies
at the threshold of the controversy. The relator can-
not move a step until he has first made it appear that
Williams' title is at an end. Until he has done this,
his certificate of appointment is *prima facie* evidence
of nothing. And right here lies the distinction be-
tween the case at bar and the class of cases represented
by *Crowell* v. *Lambert*, 10 Minn. 369 (Gil. 295), and
*Atherton* v. *Sherwood*, 15 Minn. 221 (Gil. 172), (2 Am.
Rep. 116). In that class of cases—in which the ques-
tion is, who is *prima facie* entitled to the possession of
the records and other property of a given office—the
certificate of the auditor, which is conclusive until it is
affirmatively overthrown, is properly held *prima facie*
evidence that the person named in it has been elected,
and is therefore, if he has duly qualified, entitled to the
possession of the records and other property of the
office. In that class of cases, the title to the office is
not finally adjudicated; but the question of *prima facie*
right is properly regarded as settled by the auditor's
certificate. But the case at bar is another thing en-
tirely, because the question of title must be examined
and determined against Williams, the incumbent *de
facto* of the office, before the relator's certificate of
appointment can possess any value whatever. The
case, then, is one in which the title of the office is di-
rectly and unavoidably in controversy, although the
action is in form an action, not for the determination
of the title, but for the recovery of possession of the
records and other property of the office. The case
falls, then, within the rule laid down by Mr. High that,
'if it be apparent to the court that, instead of a pro-
ceeding whose object is only to get possession of the
books and insignia of the office, the writ is invoked in
reality to test the title to the office, and that the ques-
tion of title is the real point in issue, it will refuse to
lend its aid by *mandamus*. In all such cases, the par-
ties will be left to a determination of the disputed

questions of title, by proceedings upon information in the nature of a *quo warranto,* since this is the only remedy by which judgment of ouster can be had against an actual incumbent, and the person rightfully entitled can be put into possession of the office. The court will not, therefore, upon an application for a *mandamus* to procure possession of official records, inquire into the right of a *de facto* incumbent of the office; and if it is apparent that the relator's rights cannot be determined without such an investigation into respondent's title, *mandamus* will not lie': High, Remedies, § 77, and citations. See, also, sections 49, 50, and citations. This rule appears to be exactly applicable to the present proceedings, which must therefore fail.''

That *mandamus* is an inappropriate remedy to try title to an office is a statement no one will be found to dispute. Equally well settled is the rule that *mandamus* will lie against the incumbent of a public office to compel the officer to deliver the books and papers thereof to one claiming to be his successor in office, for the reason the certificate of election issued to the claimant, with proof of his qualification thereunder, constitutes *prima facie* evidence of title to the office, and *mandamus* will lie to compel delivery of the emblems of the office to the person named in the certificate of election irrespective of his eligibility: *Stevens v. Carter,* 27 Or. 553 (40 Pac. 1074, 31 L. R. A. 342).

In the case under solution there was testimony offered sufficient to induce the trial court to make findings of fact to the effect that plaintiff had been elected secretary of the corporation, in a manner and by procedure conformable to the by-laws of the corporation and existing laws, which situation established *prima facie* plaintiff's title to the position of secretary of the organization.

The findings of the lower court, having the effect of a verdict, will not be set aside, if there is any evidence to sustain them. As expressed in our former opinion, we believe there was ample testimony offered to confirm the findings of the trial court. Admittedly, *quo warranto,* and not *mandamus,* is the proper remedy to try the disputed title to a corporate office, and if that were the purpose of this litigation, we would unhesitatingly declare plaintiff had mischosen his remedy; but as it clearly appears plaintiff desires to acquire possession of the insignia and effects of the office of secretary of the corporation, to which he was elected, and now holds, by a *prima facie* title, we think *mandamus* will lie.

12. Counsel urge the election of plaintiff was irregular, for the reason that certain stock was voted by plaintiff which could not lawfully be done. This proposition is intimately blended with and is a part of the larger question, just discussed, that *mandamus* will not lie to search the records of an election, but that *quo warranto* must be so employed. After a careful review of the whole cause, we have reached the same conclusion as upon the former hearing, and therefore adherence will be given to the former opinion.

AFFIRMED: REHEARING DENIED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BEAN and MR. JUSTICE EAKIN concur.