## J. T. THOMSON v. FINDLATER HARDWARE COMPANY.

### No. 2530. Decided October 17, 1918.

1.—Note—Assignment as Security.

A pledge or collateral can not be used as security for any debt or for any purpose save such as is covered by the agreement of the parties. San Antonio Natl. Bank v. Blocker, 77 Texas, 78, followed.

2.—Attorney—Lien on Papers.

An attorney's lien on papers and documents of his client attaches only to such as have come into his possession as attorney at law. It does not extend to a note assigned to him as collateral security for the assignor's debts to other parties.

3.—Attorney—Lien—Note—Equitable Assignment — Garnishment — Case Stated.

A lawyer was made assignee of a promissory note as collateral security for two debts owing to third parties by the assignor, who was also indebted to the assignee for legal services. The assignment was not made to secure this latter debt, though both assignor and assignee expected the latter to retain the amount thereof out of the proceeds of the note. A judgment creditor of the assignor garnished the maker of the note; he tendered the amount into court and the assignee intervened. Held that the garnishment prevailed over the claim of the assignee to appropriate the proceeds to the assignor's debt to him for legal services.

Question certified from the Court of Civil Appeals for the Third District, in an appeal from Tom Green County.

*J. T. Thomas* and *I. J. Curtsinger*, for appellant.—Attorney's lien is lost by parting with possession of papers to which it attaches, but not if they are taken away from him improperly. Nichols v. Pool, 89 Ill., 491.

Attorney has lien on note deposited with him for collection. Dennett v. Cutts, 11 N. H., 163; Howard v. Osceola, 22 Wis., 453; Stewart v. Flowers, 44 Miss., 513.

*Thomas & McCarty,* for appellee.—An intention not expressed, not communicated, is in general, inoperative and immaterial to the question of an agreement. Wright v. Ellison, 68 U. S. (1 Wall.), 16, 22; Goodsell v. Benson, 13 R. I., 225-230.

The lien of an attorney, for compensation for professional services, on the papers of his client in his possession, is nothing more than a mere right to retain them until the claim is satisfied; it confers no further rights or powers and can not be actively enforced. Casey v. March, 30 Texas, 181; 4 Cyc., 1005 and 1023, and cases there cited; 3 Am. & Eng. Ency. of Law (2nd ed.), 454, 464, and cases there cited; 13 Am. & Eng. Ency. of Law (1st ed.), 615; Jones on Liens, sec. 132; McDonald v. Charleston C. & C. Ry. Co., 93 Tenn., 281, 24 S. W., 252.

MR. JUSTICE GREENWOOD delivered the opinion of the court.
Question certified from the Court of Civil Appeals of the Third

Supreme Judicial District of Texas, in an appeal from the County Court of Tom Green County.

The certificate of the honorable Court of Civil Appeals is as follows: "To the Supreme Court of Texas:

"The above entitled cause is now pending before us on motion for rehearing, and we have thought it advisable to certify to you for your decision the question hereinafter set out, which, among others, has arisen for our determination in said case. A copy of our opinion is hereto attached and made a part hereof.

"The facts pertinent to said question are these:

"Geo. Allen executed to one Simpson his negotiable promissory note for $300, due March 23, 1912. Simpson endorsed this note to S. K. P. Jackson, but in fact Hugh Jackson owned a one-half undivided interest in said note, as was shown by oral testimony. He afterwards inherited a one-fourth interest in said note from said S. K. P. Jackson.

"On January 6, 1912, Hugh Jackson endorsed said note and delivered it to J. T. Thomson, an attorney at law, as collateral security for a $50 note that he owed Thomson and $33 that he owed one Scott.

"Findlater & Company obtained judgment against Hugh Jackson and garnisheed Allen. Thomson and Jackson intervened.

"At the time this note was delivered to Thomson, Hugh Jackson was indebted to him for various legal services in the sum of $75. Thomson never rendered an account to Jackson. Jackson knew that he was indebted to Thomson for legal services, but did not know the amount. Nothing was said by either Jackson or Thomson at the time said note was so endorsed and delivered, nor at any time prior to the service of the writ of garnishment on Allen, or prior to Allen's answer in said suit, about Thomson's appropriating any of the money when collected, on the debt that Jackson owed Thomson for legal services, though Jackson expected at the time he delivered said note to Thomson that Thomson would retain whatever was necessary out of said collection to pay such debt; and Thomson at the time said note was endorsed and delivered to him, expected to appropriate the money when collected on said Allen note, or so much thereof as was necessary, after paying said $50 note and the $33 due Scott, to the payment of the debt due him for such legal services. Thomson still retains possession of said note.

"With the foregoing statement and explanation, the Court of Civil Appeals certifies to the Supreme Court for its decision the following question:

"Did the facts above stated constitute an equitable assignment to Thomson by Jackson of said Jackson's interest in the debt due on said Allen note to the extent of said $75 indebtedness, in addition to said indebtedness of $50 and $33?"

We answer "No" to this question.

On the facts certified, the note of Allen never came into the hands of Thomson by virtue of any relation of attorney and client between Thomson and Jackson. Thomson held the note as collateral security as

would any other creditor, and, as announced by this court in San Antonio National Bank v. Blocker, 77 Texas, 78, 13 S. W., 962: "The rule is well established that a pledge, or collateral, can not be held or used as a security for any debt or for any purpose save such as is covered by the agreement of the parties."

Mechem accurately states the rule, which precludes the holding that an attorney's lien attached in favor of Thomson, in the following language: "An attorney has a general lien upon all the papers, deeds, vouchers and other documents of his client which come into the possession of the attorney while he is acting for his client in a professional capacity. But in order to the creation of the lien, the papers must not only have come into the actual possession of the attorney, but they must have so come into his possession in his character as an attorney at law. Thus he has no lien on papers which he receives . . . as a mortgagee." Mechem on Agency, sec. 862.

The note was not placed in Thomson's hands for collection by him as an attorney. Since Thomson did not hold the note as attorney for Jackson and since he would not have held any part of the proceeds of the note's collection as Jackson's attorney, there was no attorney's lien in favor of Jackson; and there was no assignment save to secure the $50 and $33 notes. Polly v. Wathen, 7 Hare (English Chancery Reports), 364; Weed v. Boutelle, 55 Vt., 570, 48 Am. Rep., 822; 2 R. C. L., p. 1065, sec. 153; note to Andrews v. Morse, 31 Am. Dec., 759.