Argued December 19, 1952, affirmed February 4, petition
for rehearing denied April 1, 1953

## HUNT ET AL. *v.* KETELL

253 P. 2d 272

*William B. Murray,* of Portland, argued the cause for appellant. With him on the briefs was Maurice V. Engelgau, of Portland.

*Arno H. Denecke,* of Portland, argued the cause for respondents. With him on the brief were Wilbur, Mautz, Souther & Spaulding, of Portland.

Before BRAND, Chief Justice, and ROSSMAN, LUSK and WARNER, Justices.

WARNER, J.

This is a proceeding in mandamus brought by the petitioners to compel the delivery of certain corporate records in the possession of the defendant, a

former president of the corporate petitioner. From a judgment of the circuit court directing the issuance of a peremptory writ, defendant appeals.

The alternative writ reveals that the petitioner Roseburg Homes, Inc., hereinafter called the corporation, is an Oregon corporation engaged in the acquisition of lands upon which it constructs residential buildings for rental and sale; that its business is carried on largely in the vicinity of Roseburg, Oregon; that on November 5, 1948, the petitioner C. N. Souther was appointed secretary of the corporation and was acting in that capacity at the time of the issuance of the writ; that the petitioner Frank D. Hunt, Jr., on November 15, 1950, was appointed general manager of the corporation, pursuant to a resolution of its board of directors, reading in part as follows:

"That Frank Hunt be employed as general manager of this corporation at a salary of $300.00 per month commencing as of this date and that he be authorized and directed to take over the books and records of this corporation, including among other things, all contracts, mortgages, stock, notes and other evidences of indebtedness and all other records or documents pertaining to the business of this corporation and that he be authorized and directed, if necessary, to take such action as may be necessary to recover possession of them";

that prior to June 26, 1951, the defendant Ketell was acting as the corporation president and on that date he was displaced and is not now an officer of the corporate petitioner; that the corporation built residential units on lands which it acquired and is engaged in the sale, rental and maintenance of the same, and in order to properly operate the business of the corporation, it is necessary that its officers and representatives

have possession and control of all the corporate records and books; that the defendant Ketell prior to June 26, 1951, came into possession of such books and records and has ever since retained them; and that notwithstanding the repeated demands of the corporation for the return of the corporate records retained by its former president, he refuses to heed its requests and the corporation is thereby prevented from carrying on its business. The alternative writ further alleges that petitioners have no plain, speedy and adequate remedy at law.

The defendant demurred to the writ on two grounds to which we will hereinafter refer. When this was overruled, defendant filed an answer generally denying the allegations of the writ and pleading three affirmative defenses: (1) that the employment of Hunt was unlawful and constituted a wrongful delegation of authority by the directors; (2) that under the issues raised, the court must necessarily determine the validity of the election of the several corporate officers and the petitioners have an adequate remedy at law for that purpose in the nature of quo warranto; and (3) that the petitioners have a plain, speedy and adequate remedy at law in the nature of claim and delivery. To this answer, petitioners filed a reply in denial.

■ The court's adverse ruling on appellant's demurrer is made one of his three assignments of error. The first ground was that there was a defect of parties. "Defect of parties", we are told by defendant, rests upon the presence in this matter of *too many* petitioners and *not too few*. That is tantamount to a misjoinder of parties plaintiff. Section 1-705, OCLA, which gives the grounds for demurrer, provides: "The defendant may demur to the complaint * * * when it appears upon

the face thereof * * * (4) That there is a defect of parties, plaintiff or defendant". In *Tieman v. Sachs,* 52 Or 560, 564, 98 P 163, we said:

"* * * The first assignment in support of the demurrer is that there is a defect of parties plaintiff, but that, as a ground of demurrer, means too few, and not too many. A demurrer alleging this particular objection can be interposed, therefore, only in case of a nonjoinder of necessary plaintiffs or defendants, and never in case of misjoinder. Pomeroy's Code Remedies (4 ed.) § 123; Paulson v. City of Portland, 16 Or. 450 (19 Pac. 450: 1 L.R.A. 673)."

The pronouncement in the Tieman case is settled law in this state. *Porter Const. Co. v. Berry et al.,* 136 Or 80, 87, 298 P 179; *Lowell et al. v. Pendleton Auto Co.,* 123 Or 383, 392, 261 P 415; *Williamson v. Hurlburt,* 99 Or 336, 337, 195 P 562.

We think the challenged ruling of the court was correct. Our reasons for so holding with respect to the second ground follow.

This appeal tenders only two matters which compel special attention, i.e., the adequacy of replevin as a remedy and the official authority of the secretary of the corporation.

Defendant predicates the second ground of his demurrer upon that part of § 11-302, OCLA, reading: "* * * The writ [of mandamus] shall not be issued in any case where there is a plain, speedy, and adequate remedy in the ordinary course of the law."

From this premise he argues that the petitioners are required to plead and prove that their action comes within the statute. He thereby brings to the fore the cardinal point of his appeal, i.e., his contention that replevin is an adequate remedy at law for the ac-

complishment of what the petitioners seek to obtain by mandamus. The same proposition is the basis of his third affirmative defense and is likewise raised by his requested findings of fact.

At the outset he is confounded by our holding in *Beard v. Beard,* 66 Or 512, 133 P 797, 134 P 1196, where the court said, at page 520:

> "It is contended by the defendant that the plaintiff has a plain, speedy and adequate remedy at law by an action for possession of the personal property. High, Extraordinary Remedies, section 306, states: 'And the rule is well established both upon principle and authority, that *mandamus* will lie to compel the surrender and delivery of corporate books and records to the officers properly entitled thereto. And where the term of office has expired, either by removal, or by lapse of time, and the officer refuses to surrender the corporate records and documents to his successor duly elected and entitled to their custody and control, *mandamus* will go to compel the delivery': See, also, Cook, Corporations, § 515."

In an attempt to offset the impact of what was thus said in the Beard case, defendant argues that the demurrer to the writ in that case was overruled "because part of the property was out of the jurisdiction of the court." Evidently in so saying, he relies on that part of the opinion following the above quotation which reads:

> "It is apparent that an action of replevin would not be an adequate remedy, for the reason that only a portion of the property is situate in one jurisdiction. * * *."

Defendant's argument in this respect is, in essence, that *Beard v. Beard,* supra, is authority for the proposition that replevin is an adequate remedy at law when

*all* the property belonging to the corporation is within the jurisdiction of the court. In this we cannot agree.

■■ Reference in the Beard case to the fact that part of the corporate property was in Oregon and part in Washington was not intended to hold that replevin was the proper remedy, except in cases where the property sought was in two different jurisdictions. To the contrary, we read that part of the Beard opinion as a factual demonstration of a condition peculiar to that case which tended to prove in one respect only why replevin would not have been as adequate as mandamus. Applying the reasoning employed in the Beard case to demonstrate the inadequacy of replevin in that case, the court correctly said: "* * * Replevin is a local action, and lies only for the possession of the goods situate in the county in which venue is laid * * *." The same principle is equally applicable here to show that replevin is not an adequate remedy, for in the event various items of corporate property have their situs in different counties, then a multiplicity of actions might have to ensue to restore possession of all the several items to the corporate owner, thereby rendering the remedy not only inadequate but extremely dilatory in complete accomplishment. *Byers v. Ferguson,* 41 Or 77, 79, 65 P 1067, 68 P 5. Mandamus, however, is a personal action against the defendant or respondent. 34 Am Jur, Mandamus, 813, § 7. It has for its purpose the compulsion of legal duties resting on officers and others. 34 Am Jur, Mandamus, 814, § 9. If the performance of such duty includes the restitution of property, it is not necessary to describe it with the particularity required in a replevin proceeding. *Beard v. Beard,* supra, at page 520. Frequently, an exact description of the character, extent and location of such property in the possession of the offending

respondent would be unknown to the petitioner. Mandamus, therefore, expedites restoration of possession by one proceeding against defendant and without regard to the situs of the property involved.

There is another consideration which emphasizes the superior adequacy of mandamus over replevin. Under our practice, the defendant in a replevin action may post a redelivery bond and retain possession of the property in question. § 7-406, OCLA. Such a result might well defeat the corporation in the furtherance of the business for which it was organized.

In the recent case of *State ex rel. Bethke v. Bain,* 193 Or 688, 705, 240 P2d 958, we held:

> "* * * It may issue even where other remedies exist, if they are not sufficiently speedy to prevent material injury. Propriety of the issuance of the writ is determined by the inadequacy, and not the mere absence of other legal remedies, and the danger of a failure of justice without it. State ex rel. Pierce v. Slusher, 117 Or 498, 501, 244 P 540; [55] CJS, Mandamus, 85, § 51."

■ We think that the remedy of replevin is neither sufficiently speedy nor adequate to achieve the results sought by invoking mandamus in aid of a matter of this kind.

■ The defendant challenges the official capacity of the petitioner Souther and his right to receive the property withheld by the defendant. It is defendant's contention that the secretary's election was ineffectual because the directors Smith and Thomas failed to file their statutory oaths and that Souther had likewise failed to file an oath or otherwise indicate his acceptance of the office. The argument is without merit. Assuming that the directors named were derelict in

the performance of their duty with respect to the oath, they were, nevertheless, directors de facto. In relation to the corporation's engagement of Mr. Souther's services, the directors' default in executing the required oath was a mere irregularity or omission which will not vitiate Souther's authority as secretary or agent of the corporation. *Doehler et al. v. Lansdon et al.*, 135 Or 687, 695, 291 P 392, 298 P 200. A corporation secretary is under no legal obligation to execute an oath of office as a condition precedent to the assumption of his secretarial duties unless so required by statute or by the by-laws of the corporation he serves. Corporate directors are the only officers required by statute to make oath. § 77-217, OCLA. The by-laws of the corporation here make no such provision. The uncontradicted evidence is that Souther has prima facie title to his office. That is all which is required in a proceeding like the one at bar. Moreover, "That the title to an office cannot be tried in a mandamus proceeding is a rule of law so well settled that it needs no citation of authorities to support it. * * *." *Stevens v. Carter*, 27 Or 553, 561, 40 P 1074, 31 LRA 342. Also see *Beard v. Beard*, supra, where the court says, at page 519:

"In the case at bar this court is not called upon to finally determine the validity of the election of the secretary of the corporation, nor to consider that question only in so far as the present necessities may require, but to find who has *prima facie* title to the office of secretary and entitled to the present possession of the property of the corporation, and grant relief accordingly, leaving the contest, if any there be as to the election to be determined in a proper proceeding. In this state such contest would be in an action in the nature of *quo warranto*."

Mr. Souther's acceptance of the office is evidenced in many ways, including his signature as secretary in attestation of the minutes of the meeting of November 5, 1948.

■ Defendant argues that "A secretary would be entitled to the indicia and appurtenances of the office of secretary but not to those of the office of president." One of the fallacies of such argument is that it assumes that the corporation property sought to be restored appertains solely to the office formerly held by the party in possession or that he rightfully came into such possession by reason of his office as president; but its prime weakness lies in a mistaken notion of the nature and purpose of mandamus when invoked by a corporation itself, as here, against a present or former officer. It is to compel performance of a legal duty resting upon such officer, a legal duty not to its secretary or other officer who here appears as its agent but a duty owed to the corporation itself. It, therefore, matters not what agent the corporation designates to receive its property from an outgoing official, nor is it material whether the corporation property held by him as a former officer was or was not peculiarly a part of "the indicia and appurtenances" of the office which he previously held.

Since we find no error in the record, the judgment of the lower court is affirmed.