Submitted on petition September 1, petition denied
September 1, 1955

STATE ex rel HELTZEL v. PORTLAND
TRACTION COMPANY

287 P. 2d 202

*Robert Y. Thornton,* Attorney General, *John R. Mc-Cullough,* and *Robert R. Hollis,* Assistant Attorneys General, all of Salem for the petition.

*Clarence D. Phillips, H. H. Phillips* and *Phillips, Coughlin, Buell & Phillips,* of Portland, contra.

WARNER, C. J.

Chas. H. Heltzel, Public Utilities Commissioner of the State of Oregon as Relator relying upon Art. VII, § 2, of the Constitution of Oregon, petitions for the issuance of a writ of mandamus directing the defendant Portland Traction Company, to render service as a common carrier of passengers by railroad in intra-state commerce in Oregon in accordance with the terms and conditions of the Relator's previous orders and regulations relating to the operations of said defendant rather than under defendant's time table Number 6 hereinafter referred to. The Relator alleges that the Commissioner's Order Number 32940, dated April 19, 1954 and Order Number 33743, dated April 22, 1955, are being thus disobeyed by use of such time table.

The record reveals that there was recently pending in the Circuit Court for Marion County, Case Number 42354, wherein the Portland Traction Company is Plaintiff and Heltzel, as the Utilities Commissioner is Defendant. It is apparent to us from the pleadings that the subject matter and issues in that case are identical with the subject matter and issues presented by the Relator's petition here. We also find that the Circuit Court overruled defendant's demurrer to the complaint in that suit and subsequently, in the month of August of this year entered a final decree enjoining the Commissioner from further action on its order of July 27, 1955, wherein the Relator attempted to suspend the operation of the traction company's time table Number 6.

It would appear the remedy by appeal from that decree still reposes in the Relator. We are therefore of the opinion that since an appeal will afford a sufficiently adequate and speedy remedy and result in an adjudication of the matters raised by the instant petition the Realtor's application should be denied. *State ex rel Plummer,* 97 Or 518, 189 P 401, 191 P 883, and *Ex Parte Jerman,* 57 Or 387, 392, 112 P 416, 418, Ann. Cas. 1913A 149. Also see *Hunt v. Ketell,* 197 Or 659, 666, 253 P2 272.

Because of the importance to the public of the question involved it is probably unnecessary to say that if such appeal is taken, it will be given a preferential status here insuring its early consideration when at issue in this court.

Petition is denied.