714 P.2d 529

William C. **HARRISON**, et ux.,
Plaintiff-Appellant,

v.

**NANCY LEE MINES, INC.**, an Idaho
corporation, Defendant-Respondent.

No. 15976.

Court of Appeals of Idaho.

Dec. 31, 1985.

Rehearing Denied Feb. 28, 1986.

Petition for Review Denied
May 20, 1986.

William C. Harrison, Spokane, Wash.,
pro se.

William F. Sims, Coeur d'Alene, and William Fremming Nielsen (argued), Spokane,
Wash., defendant-respondent.

BURNETT, Judge.

This appeal presents a question of res judicata. William Harrison sued Nancy Lee Mines, Inc., to obtain compensation for legal and managerial services. With respect to the legal services, Harrison sought to impose an attorney's lien upon certain corporate assets. The district court entered summary judgment against Harrison, holding that his complaint merely invited relitigation of issues adjudicated in a prior case. We affirm the judgment in part and vacate it in part.

The present lawsuit was filed shortly after judgment had been entered in an action brought by Nancy Lee against Harrison and other defendants. For ease of expression, we will refer to the earlier action as *Harrison I.* There Nancy Lee sought a writ of mandate, compelling the defendants to relinquish possession of the corporation's books. Nancy Lee also requested a determination of the amount, if any, owed to Harrison for his services. During a hearing in *Harrison I,* the district judge stated from the bench that the question of fees for managerial and legal services "could well be separated as a matter of another hearing" and "could be resolved as a separate matter." However, it does not appear that any such separate proceedings were conducted. Rather, the judge ultimately granted mandamus relief, holding that Harrison was not entitled by any lien to retain the corporate books. The judge further noted, as one of his reasons for rejecting the lien claim, that Harrison was guilty of "laches" in presenting the claim.

The district court's judgment was affirmed in *Nancy Lee Mines, Inc. v. Harrison*, 93 Idaho 652, 471 P.2d 39 (1970). In the present case, the district court treated the judgment as res judicata and declined to consider the merits of Harrison's claim for compensation. This appeal followed.

In *Aldape v. Akins*, 105 Idaho 254, 668 P.2d 130 (Ct.App.1983), we adopted the formulation of res judicata set forth in the RESTATEMENT (SECOND) OF JUDGMENTS (1982) (herein cited as the Second Restatement). This formulation recognizes two kinds of res judicata—claim preclusion and issue preclusion. The district judge in this case did not precisely delineate which form of res judicata he applied. Accordingly, we will consider both.

Claim preclusion embraces the rules of merger and bar. The general rule of merger is that when a valid and final personal judgment is rendered in favor of a plaintiff, the plaintiff cannot thereafter maintain an action on the original claim, or any part of it, although he may bring an action to enforce the judgment. Second Restatement § 18. The general rule of bar is that a valid and final personal judgment rendered in favor of a defendant insulates him from another action by the plaintiff on the same claim. Second Restatement § 19. These rules do not fit the facts and procedural history of the instant case. The plaintiff here, Harrison, was an unsuccessful defendant in the prior litigation. Conversely, the defendant here, Nancy Lee, was the prevailing plaintiff. Nancy Lee is not now attempting to maintain any action upon its original claim. Neither is Harrison presently seeking to rely defensively upon the earlier judgment. The rules of merger and bar could be invoked only if we characterized Harrison as the plaintiff, and Nancy Lee as the defendant, in *Harrison I*. But we think that stretching these labels would distort application of the rules. We hold that res judicata in the form of claim preclusion is inapposite.

■ We now turn to the question of issue preclusion (formerly called collateral estoppel). The general rule of issue preclu-

sion is set forth at § 27 of the Second Restatement:

When an issue of fact or law is actually litigated and determined by a valid and final judgment, *and the determination is essential to the judgment,* the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim. [Emphasis added.]

This rule plainly applies to the issue of an attorney's lien. In *Harrison I*, the issue was framed by Nancy Lee's demand for the corporate books and by Harrison's assertion of a valid lien against them. A determination that no such lien existed was necessary to the eventual issuance of a writ of mandate. Therefore, we agree with the district court that the lien issue is now precluded.

■ However, the underlying question, whether Nancy Lee is indebted to Harrison for his services, is more troublesome. The issue was raised by Nancy Lee when it requested the court in *Harrison I* to determine the amount of any obligation owed to Harrison. But such a determination was not essential to issuing the writ of mandate. Indeed, the Supreme Court in *Harrison I*, acknowledging controversy as to whether a hearing should have been held to determine the relative amounts of managerial and legal fees, said that the question was "immaterial" because Harrison's claim of lien was defective on other grounds. 93 Idaho at 654, 471 P.2d at 41.

The Second Restatement refrains from giving preclusive effect to the resolution of issues not essential to the judgment. Comment h to § 27 observes:

If issues are determined but the judgment is not dependent upon the determinations, relitigation of those issues in a subsequent action between the parties is not precluded.... In these circumstances, the interest in providing an opportunity for a considered determination, which if adverse may be the subject of an appeal, outweighs the interest in avoiding the burden of relitigation.

We think "the interest in providing an opportunity for a considered determination ... outweighs the interest in avoiding the burden of relitigation" in this case. As noted, the issue of managerial and legal fees was dismissed as "immaterial" in *Harrison I*. Indeed, the final judgment in *Harrison I* consisted merely of the writ of mandate. The debt secured by the purported lien was mentioned cursorily in the judge's memorandum opinion, and no determination concerning it was reflected in the judgment. We further note that the instant case initially was considered by the district judge who presided in *Harrison I* —the Hon. James G. Towles. Judge Towles *denied* a motion to dismiss this case upon the ground of res judicata. Although this fact does not derogate from the authority of Judge Towles' successor, the Hon. Richard G. Magnuson, to enter a contrary summary judgment, it suggests that Judge Towles did not necessarily intend *Harrison I* to have a preclusive effect upon the issue of a debt, as opposed to the issue of a lien.

In light of these considerations, we believe that res judicata in the form of issue preclusion should not be applied to the debt asserted in this case. On that issue the summary judgment is vacated. The case is remanded for further proceedings consistent with our opinion. Costs to appellant Harrison. No attorney fees on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.